ZEHMER, Judge.
We have for review a post-judgment order entered in this dissolution of marriage proceeding. The appealed order directs the husband to pay the former wife’s automobile expenses and defers ruling on the wife’s motion to have appellant held in contempt for failing to pay such expenses. We reverse.
The motion for contempt and the appealed order are based upon directions contained in two separate orders of the lower court. The first order was entered November 3, 1983, and required the husband to provide temporary support to the wife pending entry of final judgment. The second order was entered August 12, 1986, after entry of final judgment, and set forth certain conditions upon which the court would stay the final judgment pending the husband’s appeal therefrom. The final judgment was entered April 10, 1985, and awarded the wife alimony but contained no provisions for the payment of her automobile expenses..
The November 3, 1983, interlocutory order for temporary support was superseded by and merged in the final judgment. Rankin v. Rankin, 275 So.2d 283 (Fla. 2d DCA 1973); Moliver v. Moliver, 200 So.2d 613 (Fla. 3d DCA 1967). That order did not, therefore, provide any legal basis for compelling the husband to continue paying the wife’s automobile expenses after the entry of final judgment.
The conditions set forth in the August 12, 1986, stay order, including the condition requiring the husband to pay the wife’s automobile expenses, never became effective because the husband declined to post the required $30,000 bond and thereby put the stay of the final judgment into effect. That order, likewise, cannot serve as the basis for compelling appellant to *782 continue paying the automobile expenses of his former wife. Rather, the wife’s rights against the husband are now determined by the final judgment that has never been stayed. Since that judgment contained no requirement that the husband continue to pay his former wife’s automobile expenses, the imposition of such duty upon the husband could be accomplished only by modification thereof, which has never been done.
We hold, therefore, that the appealed order erroneously attempts, based upon two orders which cannot be enforced against appellant, to enforce obligations not contained in the final judgment. Accordingly, the order is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
SHIVERS and THOMPSON, JJ., concur.