778 So.2d 487 (2001)
Arthur E. LAPHAM, Appellant,
v.
Barbara M. LAPHAM, Appellee.
No. 5D00-1597.
District Court of Appeal of Florida, Fifth District.
February 23, 2001.
*488 James R. Dressler, Cocoa Beach, for Appellant.
Michael D. Holliday, of Michael D. Holliday, P.A., Melbourne, for Appellee.
PALMER, J.
Arthur Lapham (husband) appeals the final judgment dissolving his marriage to Barbara Lapham (wife). We affirm the award of alimony but strike that portion of the judgment requiring husband to secure his alimony obligation.
The parties first married in 1985 and divorced three years later. The parties remarried in March of 1992 but lived together only until May of 1993. From that date until the date the petition for dissolution was filed, the parties participated in what was accurately described by the trial court as a non-traditional marriage. Each party has lived in his or her own home, maintained separate bank accounts, and kept separate property. However, the parties continued to interact with each other, going on trips together, spending time together, and regularly sharing meals together. The husband regularly mowed the wife's lawn and the wife regularly did the husband's laundry. The husband voluntarily made monthly support payments to the wife.
At trial, the husband contended that the parties' marriage was short term, having de facto ended when the parties began living separately in May 1993. The wife meanwhile argued that their marriage actually lasted through the seven year period because, although the parties lived separately, they continued to conduct themselves as husband and wife until the dissolution petition was filed. At the time of trial, the husband was 67 years old and had a gross annual income of approximately $39,000 while the wife was 61 years old and earned less than $16,000 per year.
In entering its final judgment, the trial court rejected the husband's claim that the marriage was short term and awarded the wife $375.00 per month in permanent periodic alimony. The husband challenges the propriety of this award.
"The trial court has a very broad ambit of discretion in resolving issues raised in dissolution cases." Moore v. Moore, 543 So.2d 252, 254 (Fla. 5th DCA 1989). An award of permanent alimony is a determination left largely to the discretion of the trial court and appellate courts must affirm if there is a reasonable basis in the record for such a determination. Id. at 255. The trial court did not abuse its discretion in determining that the parties' marriage was not short term, but rather in the grey area between a long-term and a short term marriage, and awarding the wife permanent periodic alimony on the facts presented. See Pollock v. Pollock, 722 So.2d 283 (Fla. 5th DCA 1998). The trial court found need on the *489 part of the wife for alimony so that she could afford to pay her health insurance expense, a new expense which will arise after the dissolution when she will no longer be covered under the husband's military policy. The trial court further found the husband possesses the ability to afford that payment.
The trial court also ordered that $70,000 which the wife owes to the husband must be used to secure the husband's alimony obligation, providing that the debt be released if the husband predeceases the wife. At the time of the parties' first divorce, the marital home was transferred to the wife and she signed a note in favor of the husband in the amount of $70,000. The note is interest free, and due and payable only when the wife sells the home or dies. The husband testified that his brother owns one-half of the promissory note. The court heard testimony that the husband had canceled his existing life insurance coverage shortly before trial and apparently provided for this security arrangement in light thereof. We strike the award.
Section 61.08(3) of the Florida Statutes (1999) provides that, to the extent necessary to protect an award of alimony, the trial court can order an obligor spouse to secure his obligation with any assets which may be suitable for that purpose, including but not limited to, life insurance coverage or a bond. The statutory provision is a tool used by trial courts in certain circumstances to provide financial security to the receiving spouse after the death of the obligor spouse, but such an award is not required or automatic. Instead, "it is justified only if there is a demonstrated need to protect the alimony recipient." Hedendal v. Hedendal, 695 So.2d 391, 392 (Fla. 4th DCA 1997)(citing Privett v. Privett, 535 So.2d 663, 665 (Fla. 4th DCA 1988)). The circumstances which demonstrate such a need are not defined in the statute. This court has held that such circumstances exist where the wife would be left in dire economic straits upon the death of the husband, Richardson v. Richardson, 722 So.2d 280, 281 (Fla. 5th DCA 1998), but has not held that other circumstances would not demonstrate such need. Judge Altenbernd, in his comprehensive concurring opinion in Kearley v. Kearley, 745 So.2d 987, 990 (Fla. 2d DCA 1999), cogently summarized the cases which have addressed this issue as holding that life insurance should be used "primarily when the recipient spouse is disabled, elderly, or has such limited employment skills that the death of the former spouse would cause the survivor to depend upon welfare or the generosity of others." Applying the case law to the instant facts, we conclude that the wife failed to sustain her burden of demonstrating circumstances sufficient to warrant an order requiring the husband to secure his alimony obligation.[1] Accordingly, we strike this provision from the final dissolution judgment.
AFFIRMED as modified.
THOMPSON, C.J., and HARRIS, J., concur.
NOTES
[1] In light of our ruling, we need not determine the propriety of utilizing the forgiveness of one spouse's debt to the other as security for alimony payments. However, we note that in Sobelman v. Sobelman, 541 So.2d 1153 (Fla.1989), the Supreme Court rejected the argument that a life insurance requirement would amount to an award of postmortem alimony which is prohibited under Florida's common law:

Upon the death of an insured, the insurance company, not the insured's estate, pays the insurance proceeds to the beneficiary. In this case the insurance company would pay the proceeds to the wife upon the death of the husband. Neither the husband nor his estate would be obligated to make any payments to the wife. Thus, the concern that a broad construction of section 61.08(3) would permit postmortem alimony is unfounded.
Id. at 1154. A court order requiring the payment or forgiveness of a debt by a spouse's estate might constitute prohibited postmortem alimony.