912 So.2d 702 (2005)
Trent L. SMITH, Appellant,
v.
Heidrun SMITH, Appellee.
No. 2D04-4911.
District Court of Appeal of Florida, Second District.
October 28, 2005.
*703 Deborah M. Schmitt of Deborah M. Schmitt, P.A., Tampa, for Appellant.
Jan Soeten, Jr., of Brandon Law Offices of Jan Soeten, Jr., P.A., Brandon, for Appellee.
LaROSE, Judge.
Trent L. Smith appeals the final judgment dissolving his marriage to Heidrun Smith. He presents an array of purported trial court errors. According to the husband, the trial court erred in granting primary residential custody of their children to the wife, awarding permanent alimony to the wife, failing to impute income to the wife for purposes of computing alimony, calculating child support and the amount of the income deduction order, failing to make findings of fact to support the alimony award, requiring that he maintain life insurance to secure his alimony and child support obligations, and awarding the wife exclusive use and occupancy of the marital home.
The trial court did not abuse its discretion in awarding the wife primary residential custody of the children and in declining to impute income to the wife. Accordingly, we affirm those decisions of the trial court without further discussion. However, the final judgment includes no meaningful findings of fact supporting the alimony award or the requirement that the husband maintain life insurance. Additionally, our review of the record demonstrates that the child support calculation and the amount of the income deduction order are not supported by competent, substantial evidence. Thus, as to those issues, we reverse and direct the trial court to make the required findings and modifications described in this opinion.

Alimony
The husband argues correctly that the trial court erred in awarding permanent *704 alimony to the wife without providing the requisite findings of fact. Section 61.08, Florida Statutes (2004), requires the trial court to support its alimony decisions with factual findings:
61.08 Alimony.
(1) ... In all dissolution actions, the court shall include findings of fact relative to the factors enumerated in subsection
(2) supporting an award or denial of alimony.
(2) In determining a proper award of alimony or maintenance, the court shall consider all relevant economic factors, including but not limited to:
(a) The standard of living established during the marriage.
(b) The duration of the marriage.
(c) The age and the physical and emotional condition of each party.
(d) The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each.
(e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
(f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
(g) All sources of income available to either party.
The court may consider any other factor necessary to do equity and justice between the parties.
See also Schomburg v. Schomburg, 845 So.2d 257, 258 (Fla. 2d DCA 2003); Perrin v. Perrin, 795 So.2d 1023, 1024 (Fla. 2d DCA 2001). We remand and direct the trial court to make the factual findings needed to support an alimony award to the wife.

Life Insurance
The trial court's final judgment requires the husband to maintain life insurance as security for his alimony and child support obligations. Unfortunately, the trial court provided no sufficient justification for this requirement. The final judgment provides that
[i]n order to ensure the future payment of alimony and child support in the event of the his [sic] premature death, the Husband shall maintain that certain life insurance policy currently in effect in the face amount of $300,000.00. The Wife shall be the designated beneficiary of $100,000.00 of such policy, and the minor children shall be the designated beneficiaries of $200,000.00 of such policy until the younger child graduates from high school or achieves the age of 18, whichever event last occurs.
The trial court may order the obligor spouse to purchase or maintain life insurance as security for the payment of alimony or child support. §§ 61.08(3), 61.13(1)(c), Fla. Stat. (2004); Keith v. Keith, 537 So.2d 138, 139 (Fla. 2d DCA 1988). To require such security, however, the trial court must make findings as to the availability and cost of insurance, the obligor's ability to pay, and the special circumstances that warrant such security. Plichta v. Plichta, 899 So.2d 1283, 1287 (Fla. 2d DCA 2005); Burnham v. Burnham, 884 So.2d 390, 392 (Fla. 2d DCA 2004). With respect to "special circumstances," we have said that
[s]pecial circumstances include a spouse potentially left in dire financial straits after the death of the obligor spouse due to age, ill health and/or lack of employment skills, obligor spouse in poor health, minors living at home, supported spouse with limited earning capacity, obligor spouse in arrears on support obligations, *705 and cases where the obligor spouse agreed on the record to secure an award with a life insurance policy.
Richardson v. Richardson, 900 So.2d 656, 661 (Fla. 2d DCA 2005) (quoting Alpha v. Alpha, 885 So.2d 1023, 1034 (Fla. 5th DCA 2004)).
We also have noted that "[t]he amount of insurance must be related to the extent of the obligation being secured." Burnham, 884 So.2d at 392 (citing Zangari v. Cunningham, 839 So.2d 918, 920 (Fla. 2d DCA 2003)). Consequently, a final judgment requiring the security of life insurance must specify whether the insurance is security for unpaid support obligations, in which case only a portion of the proceeds might be encumbered, or whether all the insurance proceeds are to be distributed to the beneficiaries upon the spouse's death to minimize economic harm to the family. Plichta, 899 So.2d at 1287 (citing Richardson, 900 So.2d 656). Here, the final judgment includes no specific findings supporting the life insurance requirement, nor does it specify how the proceeds are to be paid upon the husband's death. Therefore, we reverse as to the life insurance issue and remand for reconsideration.

Child Support and Income Deduction Order
The husband asserts that the trial court miscalculated his child support obligation because of errors in determining the parties' respective incomes. We find no error in the $700 monthly income attributed to the wife. But neither the final judgment nor the record before us discloses with any meaningful specificity the manner in which the trial court calculated the husband's child support obligation. Because of the lack of competent, substantial evidence, we reverse the portion of the final judgment concerning the amount of child support calculated by the trial court. See Stearns v. Smith, 542 So.2d 460, 461 (Fla. 2d DCA 1989); Sokol v. Sokol, 441 So.2d 682, 684 (Fla. 2d DCA 1983); Reddick v. Reddick, 728 So.2d 374, 375 (Fla. 5th DCA 1999). We direct the trial court, on remand, to support any determination of child support obligations with specific findings of record evidence. See Cooper v. Cooper, 760 So.2d 1048, 1049 (Fla. 2d DCA 2000).

Marital Home
The trial court awarded the wife exclusive use and occupancy of the marital home until the husband's child support obligation ends or the wife remarries or moves to another home. During the period of her exclusive use and occupancy, the wife must pay the mortgage, taxes, insurance, and other costs associated with the maintenance and repair of the property. Thereafter, the parties are to sell the marital home and divide the proceeds equally, with credits to the wife, in accordance with Kelly v. Kelly, 583 So.2d 667 (Fla.1991). See id. at 668; Cooper, 760 So.2d at 1049. The trial court did not abuse its discretion in awarding the wife the exclusive use and occupancy of the marital home; such an award is proper as an incident of child support. See § 61.075(1)(h), Fla. Stat. (2004); McDonald v. McDonald, 368 So.2d 1283, 1284 (Fla. 1979).
Affirmed in part, reversed in part, and remanded with directions.
KELLY and CANADY, JJ., Concur.