SALCINES, Judge.
Perry E. Crosson, Jr., the Former Husband, appeals the “Final Judgment of Dissolution of Marriage” and the “Order of Child Support.” We affirm the final judgment and the order in all respects except we reverse the requirement that the Former Husband obtain $100,000 in life insurance to secure the alimony obligation.
The Former Husband and Sheri L. Crosson, the Former Wife, entered into two mediation agreements which were adopted by the trial court in the final judgment. The parties resolved all disputed issues other than the amount of child support to be awarded to the Former Husband, who is the primary residential parent for the parties’ twin sons, and the Former Wife’s claim for alimony. The question of securing any award of alimony with a life insurance policy was not addressed in either of the mediation agreements.
The trial court is authorized by section 61.08(3), Florida Statutes (2005), to require a party who is ordered to pay alimony to purchase or maintain a life insurance policy to secure an alimony award. In the present case, the trial court issued a thoughtful and well-drafted final judgment explaining the Former Wife’s health issues and the necessity for permanent, periodic alimony. However, in order to support the requirement that a party obtain life insurance to secure an alimony obligation, the trial court must make specific evidentiary findings. See Smith v. Smith, 912 So.2d 702, 704-05 (Fla. 2d DCA 2005). Missing from the final judgment are the necessary analysis and specific findings concerning the Former Husband’s insurability, the cost of the proposed insurance, his ability to afford the insurance, and the special circumstances that warrant such security. See id. The trial court did not discuss how the requirement to obtain $100,000 in life insurance, payable solely to the Former Wife for future alimony, was “related to the extent of the obligation being secured.” Id. at 705.
At the beginning of the final hearing, the Former Wife’s attorney informed the trial court that one of the issues to be decided was “whether [the Former Husband] should have to continue his life insurance policy with [the Former Wife] as the beneficiary as long as he owes her the support award.” The life insurance policy to which the Former Wife’s attorney referred was a group life insurance policy that the Former Husband enjoyed as one of the benefits of his employment. The *21 Former Husband’s employer paid the premium for the policy. The death benefit payable under the policy was equal to the Former Husband’s current base salary. At the time of the final hearing, the Former Husband’s base salary was approximately $40,000.
However, the trial court required the Former Husband to obtain $100,000 in life insurance to secure the alimony obligation. The Former Husband did not have any other life insurance, and the Former Wife did not introduce any evidence concerning his insurability or the cost of the additional $60,000 worth of life insurance that would be necessary to increase the Former Husband’s total life insurance coverage to $100,000.
Accordingly, we reverse the portion of the final judgment that requires the Former Husband to obtain $100,000 in life insurance to secure the Former Wife’s alimony award. On remand, the trial court shall reconsider the evidence presented at the final hearing to determine whether the Former Husband should be required to secure the Former Wife’s alimony award with a life insurance policy and make appropriate findings. If the trial court determines that the Former Husband should be required to provide life insurance to secure the support obligation to the Former Wife, then the amount of life insurance to be used for that purpose may not exceed the amount available to the Former Husband through his existing group life insurance policy. This is all the Former Wife requested at the final hearing.
Affirmed in part, reversed in part, and remanded.
KELLY and WALLACE, JJ., Concur.