32 So.3d 741 (2010)
Victor Phillip MACKOUL, Former Husband, Appellant,
v.
Lisa Ortega Cruikshank MACKOUL, Former Wife, Appellee.
No. 1D09-2439.
District Court of Appeal of Florida, First District.
April 20, 2010.
*742 Michael L. Edwards, Jacksonville, for Appellant.
No appearance, for Appellee.
PER CURIAM.
Victor Mackoul, the Former Husband, appeals a final judgment of dissolution of marriage which imposed a lien on pre-marital real property to secure payment of child support and permanent periodic alimony. The trial court did not specify whether the lien only secures arrearages at the time of the Former Husband's death or whether it was also intended to secure future payments in order to minimize economic harm to the surviving family. Accordingly, that portion of the order is reversed and remanded for further proceedings. We affirm all other issues without discussion.
To the extent necessary to protect payment of alimony or child support, the trial court may require the payor spouse to secure the award in appropriate circumstances to satisfy arrearages or to ensure the financial wellbeing of the family. §§ 61.08(3), 61.13(1)(c), Fla. Stat. (2006); Sobelman v. Sobelman, 541 So.2d 1153, 1154-55 (Fla.1989). However, such a requirement may not be imposed absent special circumstances, such as a
spouse potentially left in dire financial straits after the death of the obligor spouse due to age, ill health and/or lack of employment skills, obligor spouse in poor health, minors living at home, supported spouse with limited earning capacity, obligor spouse in arrears on support obligations, and cases where the obligor spouse agreed on record to secure an award. . . .
Smith v. Smith, 912 So.2d 702, 704-05 (Fla. 2d DCA 2005) (quoting Richardson v. Richardson, 900 So.2d 656, 661 (Fla. 2d DCA 2005)). The trial court must set forth specific findings of special circumstances, the payor spouse's ability to afford the security, and whether the security exists only for arrearages, or alternatively, if the whole or a portion of the security is payable to the surviving family to minimize economic harm. Richardson, 900 So.2d at 660-61; Smith, 912 So.2d at 705; Plichta v. Plichta, 899 So.2d 1283, 1287 (Fla. 2d DCA 2005); but see Massam v. Massam, 993 So.2d 1022, 1025 (Fla. 2d DCA 2008) (stating an order is sufficiently specific when it states the security is to secure alimony and does not make the payee spouse the beneficiary for more than the amount of arrearages owed upon payor spouse's death). However, the trial court may not require excessive security. Watford v. Watford, 605 So.2d 1313, 1315 (Fla. 4th DCA 1992) (holding that the trial court abused its discretion by imposing a lien on over a million dollars in assets to secure an award of $100,000 plus permanent periodic alimony).
*743 Here, the record supports the trial court's imposition of a lien to secure the payment of alimony and child support. The Former Husband is 77 years old and in poor health. The Former Husband is uninsurable but has significant unencumbered assets that he uses to support himself. The Former Wife would potentially be left in dire financial straits after the Former Husband's death because she is not capable of full-time employment. The Former Wife has significant medical history resulting in some medical disability, and both parties agreed that the Former Wife needs to be home on afternoons and weekends to care for their youngest child, who has been diagnosed with a form of autism and cannot be left alone. The child also may remain dependant even after he reaches majority.
Although the trial court did not abuse its discretion in imposing a lien, the trial court failed to make any specific findings concerning whether, in the context of alimony, the lien only secures arrearages at the time of the Former Husband's death or if it was also intended to secure future payments in order to minimize future economic harm to the family. Without such findings we are unable to determine whether the amount of the lien was appropriately tailored to the obligation being secured. Therefore, we reverse the portion of the order imposing the lien for security of alimony and child support and remand to the trial court for additional findings consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
HAWKES, C.J., WETHERELL and ROWE, JJ., concur.