PER CURIAM.
William J. Peters, the former husband, appeals those portions of the final judgment dissolving the parties’ 16-year marriage in which the trial court imputed income to him; awarded permanent, periodic alimony and attorney’s fees and costs to Gerovani Blackshear, the former wife; and ordered the husband to maintain a life insurance policy in the amount of $400,000.00 to secure the alimony and child support awards. Finding record support and no abuse of discretion in the imputation of income and alimony award, we affirm these rulings. Schmachtenberg v. Schmachtenberg, 34 So.3d 28, 36-37 (Fla. 3d DCA 2010) (stating the appellate court reviews the imputation of income for competent, substantial evidence); Schlagel v. Schlagel, 973 So.2d 672, 676 (Fla. 2d DCA 2008) (noting the decision to award permanent, periodic alimony is reviewed for an abuse of discretion).
Sections 61.08(3) & 61.13(l)(c), Florida Statutes (2009), allow the trial court to order the obligor to buy or maintain life insurance or otherwise protect the alimony and child support awards, respectively. Nevertheless, we vacate the requirement to maintain $360,000.00 in life insurance to secure alimony because the record reveals none of the “special circumstances” required by the case law. Mackoul v. Mackoul, 32 So.3d 741, 742 (Fla. 1st DCA 2010); Davidson v. Davidson, 882 So.2d 418, 421 (Fla. 4th DCA 2004). We reverse the requirement to maintain $40,000.00 to secure the husband’s $739.69 monthly child support obligation and remand because the amount bears no reasonable relationship to the amount to be paid to support the parties’ child, who will turn 18 in August 2011. Mackoul, 32 So.3d at 742 (“[T]he trial court may not require excessive security.”); Burnham v. Burnham, 884 So.2d 390, 392 (Fla. 2d DCA 2004) (“The amount of insurance must be related to the extent of the obligation being secured.”).
The final judgment is AFFIRMED in part, STRICKEN in part, and REVERSED in part and REMANDED for the trial court to designate an amount of life insurance appropriate to secure and *1235 protect the husband’s child support obligation.
WOLF, KAHN, and WEBSTER, JJ., concur.