PER CURIAM.
In this consolidated dissolution appeal, Henry Sweeny (“former husband”) appeals from two orders — a final judgment of dissolution of marriage and a post-judgment award of fees and costs to Carla Sweeny (“former wife”). He raises nine issues on appeal — two related to the trial court’s award of $7,200 per month alimony, six related to the court’s award of approximately $1.4 million in equitable distribution to the former wife, and one final issue related to the court’s award of 60% of the former wife’s outstanding attorney’s fees, expert fees and other litigation costs. Having carefully considered each issue, we affirm the alimony award but reverse the requirement that the former husband secure the alimony award with life insurance. We also affirm the equitable distribution award in full as the former husband has failed to show a lack of competent, substantial evidence or an abuse of discretion with respect to any of the six issues relating to equitable distribution. Finally, we affirm the fees and costs award based on competent, substantial evidence of the former wife’s relative need, except for reimbursement of her CPA’s travel costs and reimbursement of her vocational expert’s travel costs and cancellation fees. We write further to address only those issues for which a reversal is warranted.
Section 61.08(3), Florida Statutes (2008), provides:
To the extent necessary to protect an award of alimony, the court may order any party who is ordered to pay alimony to purchase or maintain a life insurance policy or a bond, or to otherwise secure such alimony award with any other assets which may be suitable for that purpose.
This court and other districts have held that such security is justified only if there is a demonstrated need to protect the alimony recipient, such as when he or she would be left in dire economic straits upon the death of the payor former spouse. See, e.g., Lapham v. Lapham, 778 So.2d 487, 489 (Fla. 5th DCA 2001). In Lap-ham, this court noted that cases upholding such security included those in which the recipient was disabled, elderly, or had such limited employment skills that the death of his or her former spouse would cause that person to rely on welfare or the generosity of others. Id. (citing Judge Altenbernd’s concurring opinion in Kearley v. Kearley, 745 So.2d 987, 990 (Fla. 2d DCA 1999)). *989 In addition, “[t]he trial court must set forth specific findings of special circumstances, the payor spouse’s ability to afford the security, and whether the security exists only for arrearages, or alternatively, if the whole or a portion of the security is payable to the surviving family to minimize economic harm.” Mackoul v. Mackoul, 32 So.3d 741, 742 (Fla. 1st DCA 2010).
In this case, the trial court’s findings do not support the order requiring the former husband to secure his alimony payment obligation, and the evidence would not support the necessary findings in any event. With the large equitable distribution made to the former wife, and her ability to work to support herself, she was unable to demonstrate that the former husband’s premature death would leave her in dire economic circumstances. See also Ruberg v. Ruberg, 858 So.2d 1147, 1157 (Fla. 2d DCA 2003) (reversing security requirement in part because there was no basis in the record for concluding that former wife would face dire economic circumstances if former husband died). Accordingly, we strike the security requirement from the final judgment, and affirm as to all other issues relating to the final judgment.
With respect to the fees and costs that the former husband was required to pay, we agree that the trial court erred by including nine hours of travel time for the former wife’s CPA (at $285 per hour) and by including travel time for the former wife’s vocational expert, as well as a $1,700 cancellation fee caused by the former wife’s attorney. See In re Amendments to Uniform Guidelines for Taxation of Costs, 915 So.2d 612, 617 (Fla.2005); Bohner v. Bohner, 24 So.3d 622, 623 (Fla. 4th DCA 2009); Robbins v. McGrath, 955 So.2d 633, 635 (Fla. 1st DCA 2007); Chandler v. Chandler, 330 So.2d 190, 191 (Fla. 2d DCA 1976). On remand, we direct the trial court to enter an amended fee and cost order that deletes these costs.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH DIRECTIONS.
TORPY, LAWSON and BERGER, JJ., concur.