IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LAURA CATHERINE
MCFATTER n/k/a LAURA
ALFORD BLAIR, FORMER
WIFE,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

      Appellant,

CASE NO. 1D15-3855

v.

JON THOMAS MCFATTER,
FORMER HUSBAND,

      Appellee.

_____/

Opinion filed June 24, 2016.

An appeal from the Circuit Court for Bay County.
John L. Fishel, II, Judge.

Linda A. Bailey, Jerry L. Rumph, Jr., and Hunter J. Hendrix of Law Office of Linda A. Bailey, P.A., Tallahassee, for Appellant.

Rachel R. Seaton, Panama City, for Appellee.

PER CURIAM.

      Appellant, Laura Catherine McFatter, ("the Mother") seeks review of the trial

court's Order on Former Husband's Amended Motion for Civil Contempt/Enforcement, raising six issues on appeal, three of which pertain to the trial court's ruling on the transportation of the parties' children to their extracurricular activities and three of which pertain to the paternal grandmother's name being added to the children's pick-up lists at childcare facilities that the Mother enrolled them in. We affirm as to the issue of extracurricular activities without further comment. We reverse, however, as to the pick-up list issue for the reasons contained herein.

The parties were married in November 2001 and separated in August 2010. Two sons were born during the marriage. In March 2011, the trial court entered a Temporary Order, which provided in part:

## TEMPORARY PARENTING PLAN

### Temporary Parenting Responsibility

1. The parties shall have temporary shared parental responsibility of the two minor children . . . .

2. The [Father] shall make the decisions concerning the children's contact with his biological mother.

### Temporary Parenting Time

1. The [Mother] shall have the majority of the parenting time.

In January 2012, the trial court entered a Final Judgment. Paragraph 26 set forth in part, "This Court orders that the timesharing remains the same as established

2

under the Temporary Order of this Court dated March 18, 2011 (copy attached as Exhibit E), with the following clarifications . . . ." The clarifications included in part: (A) "The parties shall share the ultimate decision making authority on children's education"; (B) "The parties shall share ultimate decision making authority on children's non-emergency health and medical care"; and (C) "The Father shall have ultimate decision making authority on the children's extracurricular activities." The other three clarifications pertained to Christmas timesharing, holiday timesharing, and what would happen if a parent was unable to personally care for the children during that parent's time. Exhibit E to the Final Judgment was that portion of the Temporary Order addressing "Temporary Parenting Time."

The trial court subsequently entered the "Amended" Final Judgment ("Amended Final Judgment"). As did the Final Judgment, the Amended Final Judgment addressed "timesharing" and included the same six clarifications, three involving parental authority and three involving timesharing. It too referred to Exhibit E and the Temporary Order.

In March 2015, Appellee, Jon Thomas McFatter, ("the Father") filed a Motion for Civil Contempt/Enforcement wherein he sought "enforcing or compelling compliance with the prior order or judgment." As for the pick-up list issue, the Father alleged that the Mother "refuses to allow the biological grandmother to be

3

placed on any pickup list where [she] has registered the children for babysitting, after school care, or child care services." The Father argued that "[t]he Final Judgment allows the Father to determine contact for the children with their biological grandmother." He requested that the trial court require the Mother "to add grandparents of the children to any and all pickup list[s] where the mother uses babysitting service, after school care or day care." The Father filed an Amended Motion for Civil Contempt/Enforcement; there was no substantive difference between that motion and his initial motion.

In the Order on Former Husband's Amended Motion for Civil Contempt/Enforcement, et al., the trial court set forth in part:

1. . . . The Court specified [in the Amended Final Judgment] that the Temporary Parenting Plan entered March 18, 2011, would remain in place but clarified that the parties would share the ultimate decision-making authority regarding the children's education and that the Former Husband would have ultimate decision-making authority regarding the children's extracurricular activities. The Temporary Parenting Plan specified that the Former Husband would "make the decisions concerning the children's contact with his biological mother." In the Amended Final Judgment, the Court ordered the parties to utilize the services of a parenting coordinator.

. . . .

11. The Court finds that the Former Wife has violated this Court's prior orders by removing the biological grandmother from the children's pick up lists for the children's school and childcare providers, by withholding the children during scheduled time-sharing with the Former Husband, and by restraining the children from participating in extracurricular activities during her time-sharing.

4

The trial court ordered and adjudged in part as follows:

A. The Court withholds adjudication of contempt as to the Former Wife at this time.

B. The Former Wife's failure to comply with the terms of this order and all of the Court's prior orders currently in effect will subject her to civil contempt sanctions including fines and imprisonment.

. . . .

E. The parents must cooperate with each other to add the names of adults whom each parent grants authority to transport the children (including the biological grandmother) to the pick-up lists for the children's school and other childcare providers during that parent's time-sharing.

The Mother filed a Motion for Rehearing and/or Reconsideration with the trial court, arguing in part that the provision in the Temporary Order pertaining to the paternal grandmother was not a timesharing provision and was not adopted into the Amended Final Judgment. She further argued that there were no requirements in any prior order that she add the paternal grandmother to a pick-up list.

In its Order on Former Wife's "Motion for Rehearing and/or Reconsideration," the trial court set forth in part:

3. The Former Wife asserts, "[T]here are no prior court orders requiring Former Wife list the biological paternal grandmother on any pick-up lists." The Court has reviewed the court file in this case to conclude that the Court's March 18, 2011, Temporary Order granted the Former Husband discretion as to "decisions concerning the children's contact with his biological mother." In paragraph 26 of the Amended Final Judgment, the Court ordered that the "timesharing remains the same as established under the Temporary Order of this Court dated March 18, 2011 . . . ." Then, the Court went on to clarify

5

as to ultimate decision making authority as well as holiday timesharing and the right of first refusal. Therefore, it is clear to this Court that the Amended Final Judgment intended to clarify and incorporate the "Temporary Parenting Plan" specified in the March 18, 2011, Temporary Order, including the provision regarding decisions concerning the Former Husband's biological mother. The clarifications in the Amended Final Judgment were silent as to decisions concerning the Former Husband's biological mother because that matter had already been adjudicated. Accordingly, the children's paternal grandmother should be added to the children's pick-up lists at the Former Husband's request.

This appeal followed.

The trial court's interpretation of the Amended Final Judgment is reviewed on appeal de novo. See Segarra v. Segarra, 947 So. 2d 543, 545 (Fla. 3d DCA 2006) (noting that the trial court's interpretation of a final judgment of dissolution of marriage and incorporated settlement agreement is reviewed de novo). We agree with the Mother's argument that, contrary to the trial court's interpretation, the Amended Final Judgment did not incorporate that portion of the Temporary Order allowing for the Father to make the decisions concerning the children's contact with his mother. Paragraph 25 of the Amended Final Judgment addressed shared parental responsibility and directed the parties to follow the Shared Parenting Guidelines attached as Exhibit D. The first provision under the "Temporary Parenting Responsibility" portion of the Temporary Order addressed shared parental responsibility. The second and only other provision in the Temporary Order under the "Temporary Parenting Responsibility" heading was the provision at issue

6

granting the Father authority to make the decisions concerning the children's contact with his mother. Yet, the trial court did not include that provision within the Amended Final Judgment or expressly incorporate the "Temporary Parenting Responsibility" provisions therein. Instead, in Paragraph 26 of the Amended Final Judgment where the trial court specifically referenced the Temporary Order, the court ordered that the "timesharing" would remain the same as established under the Temporary Order. The provision in the Temporary Order addressing the Father's decisions regarding his mother's contact with the children was not a timesharing provision and was not included within the "Temporary Parenting Time" heading of the Temporary Order. Moreover, it is significant that Exhibit E to the Amended Final Judgment was the "Temporary Parenting Time" portion of the Temporary Order, not the entire order. Any argument that the trial court inadvertently left out the remainder of the Temporary Order in Exhibit E is refuted by the fact that the two pages of the "Temporary Parenting Time" portion of the Temporary Order that were attached were numbered "Page 1 of 2" and "Page 2 of 2." The Father acknowledges on appeal that the "Temporary Order . . . was not attached in its entirety as Exhibit E."

While it is true, as found by the trial court and as argued by the Father, that three of the six clarifications listed in Paragraph 26 of the Amended Final Judgment pertain to decision-making authority rather than timesharing, that does not negate

7

the fact that the Amended Final Judgment did not expressly incorporate the provision at issue regarding contact with the paternal grandmother, the fact that that provision was not contained within the timesharing portion of the Temporary Order, and the fact that the portion of the Temporary Order attached to the Amended Final Judgment was only that portion addressing timesharing. Had the trial court attached the entire Temporary Order to the judgment, the Father's argument would be more persuasive. However, as the record stands, we are unable to agree with the trial court's interpretation that the provision regarding contact with the paternal grandmother was incorporated into the Amended Final Judgment. See Skinner v. Skinner, 579 So. 2d 358, 360 (Fla. 4th DCA 1991) (holding that the former wife's entitlement to the payment of a medical bill by the former husband ceased when the final judgment, which said nothing about the payment, was entered); Aylward v. Aylward, 420 So. 2d 660, 661 (Fla. 2d DCA 1982) ("Because the final judgment makes no reference to this matter [$584 in temporary support that the husband failed to pay before entry of the final judgment], the wife cannot now seek to enforce compliance with the temporary order.").

The Father alternatively argues that even if the Amended Final Judgment is deemed ambiguous as to the paternal grandmother and pick-up lists, the trial court clarified the Amended Final Judgment by setting forth, "The parties must cooperate with each other to add the names of adults whom each parent grants authority to

8

transport the children (including the biological grandmother) to the pick-up lists for the children's school and other childcare providers during that parent's time-sharing." Yet, in his motion for contempt and enforcement, the Father argued that the Mother refused to allow the paternal grandmother to be placed on the children's pick-up lists notwithstanding the fact that "[t]he Final Judgment allows the Father to determine contact for the children with their biological grandmother." Because the Amended Final Judgment did not address the paternal grandmother and the children's pick-up lists, either expressly or through incorporation of the Temporary Order, there was no need or basis to clarify the judgment on the issue.

Accordingly, we affirm the order as to the issue of the children's transportation to extracurricular activities but reverse the order as to the issue of the paternal grandmother and pick-up lists.

AFFIRMED in part and REVERSED in part.

ROBERTS, C.J., LEWIS and RAY, JJ., CONCUR.

9