MAKAR, J.,
concurring.
I concur, but point out that the time to contest whether the lien on the property of the former husband (who is now deceased) had been sufficiently clarified was on remand from Mackoul v. Mackoul, 32 So.3d 741, 742 (Fla. 1st DCA 2010) (Mackoul I), after Circuit Judge Jean M. Johnson (also now deceased) on November 8, 2010, issued a “Final Judgment Clarifying Requirement of Security for Alimony and Child Support.” At that point, the former husband had the opportunity to seek re *924 hearing before Judge Johnson if he deemed her clarifying judgment as non-compliant with the mandate in Mackoul I or, if she denied relief, to seek compliance with the mandate by seeking relief in this Court. Perhaps reasons existed for letting the muddled clarification order lie until after the former husband died in February 2016, and to then seek relief from the lien, but they are not apparent in the record on appeal. The successor judge’s interpretation of the situation is understandable given the ambiguous state of the court file: the final judgment says alimony ceases upon either party’s death; the original trial judge put a lien on the former husband’s property “to secure the award of child support and alimony” but didn’t specify whether it was to secure future payments or to minimize “future economic harm to the family”; and her order on remand didn’t conclusively clear up the matter. Divining what the deceased predecessor judge intended requires a degree of oracular powers the judiciary lacks, but on balance the overall purpose of the lien—as reflected in Mackoul I and the original judge’s rulings favoring the former wife and the minor child’s needs—suggests the conclusion we reach today, which is that it secures alimony arrearages as well as future payments for the family’s well-being;