# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-5088

_____

JOHN G. MCKNIGHT,

    Appellant,

    v.

NANCY L. MCKNIGHT,

    Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
Marci L. Goodman, Judge.

August 1, 2018

PER CURIAM.

Appellant, the former husband, challenges two aspects of the final judgment dissolving his marriage to Appellee, the former wife. We summarily reject the former husband's argument that the trial court used the wrong tax rates in determining the amount of the alimony award. However, we agree with his argument that the trial court abused its discretion by requiring him to maintain a $1 million life insurance policy to secure his alimony obligation to the former wife because there are no "special circumstances" warranting such security in this case.

"Special circumstances" include:

a spouse potentially left in dire financial straits after the death of the obligor spouse due to age, ill health and/or lack of employment skills, obligor spouse in poor health, minors living at home, supported spouse with limited earning capacity, obligor spouse in arrears on support obligations, and cases where the obligor spouse agreed on the record to secure an award with a life insurance policy.

*Kotlarz v. Kotlarz*, 21 So. 3d 892, 893 (Fla. 1st DCA 2009) (quoting *Richardson v. Richardson*, 900 So. 2d 656, 661 (Fla. 2d DCA 2005)); *see also Therriault v. Therriault*, 102 So. 3d 711, 713 (Fla. 1st DCA 2012); *Mackoul v. Mackoul*, 32 So. 3d 741, 742 (Fla. 1st DCA 2010).

Here, although the former husband conceded in his post-hearing written closing argument that "he should obtain life insurance to secure the child support award," he did not agree to similarly secure his alimony obligation and the $1 million of life insurance required by the trial court is not commensurate with the former husband's remaining child support obligation. *See Peters v. Blackshear*, 53 So. 3d 1233, 1234 (Fla. 1st DCA 2011) (requiring amount of security to bear reasonable relationship to amount of obligation). Moreover, the trial court did not find that the former wife would be left in "dire financial straits" after the former husband's death, nor would the record support such a finding because the former wife is relatively young, is in good health, has a college degree, and is gainfully employed; the minor child who is living with the former wife in the marital home at the time of the hearing will be 18 in less than two years; the former husband is not in arrears on any of his support obligations; and the former wife received a substantial equitable distribution including significant liquid assets. *See Sweeny v. Sweeny*, 113 So. 3d 987, 989 (Fla. 5th DCA 2013) (striking requirement that husband secure his alimony obligation with a life insurance policy because wife received large equitable distribution and had the ability to work to support herself).

For these reasons, we reverse the life insurance security requirement in the final judgment and remand for the trial court to reduce the amount of life insurance to an amount commensurate

with the former husband's remaining child support obligation.  We affirm the judgment in all other respects.

AFFIRMED in part; REVERSED in part; REMANDED with instructions.

ROBERTS, WETHERELL, and OSTERHAUS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

E. Jane Brehany, Pensacola, for Appellant.

Crystal C. Spencer of Spencer Law PA, Pensacola, for Appellee.

3