NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CARL WILL,                                      )
                                                )
        Appellant,                          )
                                                )
v.                                              )            Case No. 2D18-539
                                                )
LISA D. WILL,                                   )
                                                )
        Appellee.                           )
_____ )

Opinion filed June 28, 2019.

Appeal from the Circuit Court for
Hillsborough County; Wesley D. Tibbals,
Judge.

Allison M. Perry of Florida Appeals, P.A.,
Tampa, for Appellant.

Eric R. Maier and Michael L. Lundy of
Older Lunday & Alvarez, Tampa,
for Appellee.


KELLY, Judge.


        Carl Will appeals from the amended final judgment that dissolves his

marriage to Lisa D. Will.  He challenges the award of alimony to the former wife, the

equitable distribution of marital funds, and the requirement that he a maintain life

insurance policy to secure his alimony obligation. We affirm the dissolution of marriage, but we reverse the alimony award, the equitable distribution, and the requirement that the former husband maintain life insurance, and remand for the court to reconsider these aspects of the final judgment.

Alimony

The former husband challenges the award of alimony, arguing that the trial court erred in two respects when computing his ability to pay alimony. Specifically, he contends that the trial court erred in computing his income and in failing to account for his living expenses. Because we agree that the trial court erred when it determined his ability to pay without taking his living expenses into account, we reverse the alimony award. We decline to reach the issue of the former husband's income because the court necessarily will have to revisit that issue on remand as well, so that it may determine the appropriate amount of alimony in light of the former husband's current circumstances.

In calculating the appropriate amount of alimony, the trial court is obligated to consider the former husband's living expenses when determining his ability to pay. See George v. George, 93 So. 3d 464, 469 (Fla. 2d DCA 2012) (stating that, in determining the former husband's ability to pay alimony, "the trial court is also required to consider the former husband's own reasonable and necessary living expenses"); Nadrich v. Nadrich, 936 So. 2d 15, 18 (Fla. 4th DCA 2006) (reversing and remanding for the reconsideration and recalculation of the support awards and arrearages, taking into account the former husband's living expenses); Schlafke v. Schlafke, 755 So. 2d 706, 707 (Fla. 4th DCA 1999) (noting that an alimony award should not substantially

- 2 -

endanger the paying spouse's own economic status). Here, the trial court failed to address the former husband's living expenses in the amended final judgment. Therefore, we reverse the award of alimony and remand for the trial court to reconsider the award taking into account the former husband's living expenses as well as his current income. Any award of alimony shall be supported by specific findings as required by section 61.08, Florida Statutes (2018).

Equitable Distribution

The former husband challenges the award of equitable distribution, arguing that the trial court erroneously included money the parties had already spent without a finding of misconduct. With one exception, we reject his argument that the trial court included money that was already spent. That exception is the trial court's inclusion of $10,000 the former husband spent on a Grand Canyon rafting trip. The trial court found the parties gave the trip to their daughter as a gift in 2015 before the filing of the petition for dissolution of marriage. The former husband accompanied the daughter on the trip after the petition was filed. Other than these findings, the court offers no explanation for including this $10,000 in the equitable distribution.

Before a trial court can include a marital asset that was dissipated during the dissolution proceedings in the equitable distribution scheme, the trial court must make a specific finding that a party engaged in intentional misconduct that resulted in the dissipation of the asset. Levy v. Levy, 900 So. 2d 737, 746 (Fla. 2d DCA 2005) (stating that a finding of misconduct is necessary for the assigning of the dissipated asset to the spending spouse). "The misconduct necessary to support inclusion of dissipated assets in an equitable distribution scheme does not include mismanagement

- 3 -

or simple squandering of marital assets in a manner of which the other spouse disapproves." Roth v. Roth, 973 So. 2d 580, 585 (Fla. 2d DCA 2008) (citing Segall v. Segall, 708 So. 2d 983, 986 (Fla. 4th DCA 1998)). Here, the trial court made no such finding—and the facts it did find would not have supported such a finding. Accordingly, we reverse the equitable distribution award and remand for the trial court to reconsider the award without including the $10,000 spent on the rafting trip.

Life Insurance

The former husband argues the trial court erred in requiring that he maintain a policy of life insurance. Section 61.08(3), Florida Statutes (2015), authorizes a trial court to require a party to purchase or maintain a life insurance policy to secure an alimony obligation. Crosson v. Crosson, 989 So. 2d 19, 20 (Fla. 2d DCA 2008). However, in order to support such a requirement, the trial court must make specific findings concerning the party's insurability, the cost of the proposed insurance, the ability to afford the insurance, and the special circumstances that warrant such security. Id.; see also Plichta v. Plichta, 899 So. 2d 1283, 1287 (Fla. 2d DCA 2005). The trial court did not make any of these findings.

The former husband brought the lack of findings to the court's attention in a motion for rehearing after the final judgment was entered. In its order denying rehearing, the trial court noted that it had considered various factors in determining the amount of the life insurance policy, including the length of the marriage, the health and ages of the parties, the amount of alimony, the former husband's employment, and fringe benefits available from the former husband's employer. However, these findings are inadequate to support the requirement that the former husband maintain life

insurance to secure his alimony obligation to the former wife.  Accordingly, we reverse the requirement that the former husband maintain life insurance.  If on remand the trial court should again determine that it is appropriate to order the former husband to maintain life insurance, it shall support the award with the requisite findings and evidence.

Affirmed in part, reversed in part, and remanded with directions.

BADALAMENTI and ROTHSTEIN-YOUAKIM, JJ., Concur.