# Third District Court of Appeal

## State of Florida

Opinion filed February 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-624
Lower Tribunal No. 11-13464
_____

**Robert Matthew Kritzman,**
Appellant/Cros-Appellee,

vs.

**Karen Elizabeth Kritzman,**
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Robert M. Kritzman, in proper person.

Nancy A. Hass, P.A., and Nancy A. Hass (Ft. Lauderdale), for appellee/cross-appellant.

Before FERNANDEZ, C.J., and SCALES, and BOKOR, JJ.

FERNANDEZ, C.J.

Robert Kritzman ("the Husband") appeals the trial court's orders granting Karen Kritzman's ("the Wife") motion for rehearing and/or reconsideration. We affirm in part and reverse in part, remanding the case with instructions to set forth specific findings of special circumstances to support the imposition of an equitable lien on the Husband's retirement accounts. We affirm as to all other issues without further discussion.

Husband and Wife entered into an Amended Mediated Settlement Agreement ("MSA") on March 10, 2014, in which the Husband agreed to pay permanent alimony to the Wife equal to one-third of his gross income from employment or any other source of earned income. For a period commencing in 2015, the Husband failed to pay the full alimony amount as set forth within the Amended MSA. The Wife filed a Motion for Contempt, Enforcement, Attorneys Fees, Costs, and Other Relief on October 3, 2019, alleging the Husband did not pay the full amount of alimony due.

On rehearing, the trial court ordered that the payment of the vested alimony arrearages be secured by imposition of an equitable lien on the balance of the Husband's retirement funds. The Husband claims that the trial court imposed the equitable lien "without any notice or discussion and substantively erred by issuing that equitable lien with no facts, discussion, or finding of facts regarding the elements required for issuance of an equitable

lien." We agree, as case law requires the trial court to set forth specific findings of special circumstances before imposing an equitable lien to protect payment of alimony. See Mackoul v. Mackoul, 32 So. 3d 741, 742 (Fla. 1st DCA 2010) ("The trial court must set forth specific findings of special circumstances, the payor spouse's ability to afford the security, and whether the security exists only for arrearages, or alternatively, if the whole or a portion of the security is payable to the surviving family to minimize economic harm.").

Because the trial court failed to set forth specific findings of special circumstances before imposing the equitable lien, we reverse as to this issue only and remand for additional findings. We affirm as to all other issues without further discussion.

Affirmed in part; reversed in part; remanded with instructions.