# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-2107
Lower Tribunal No. 22-DR-2189

_____

JOHN A. SALADINO,

Appellant,

v.

ERIKA F. SALADINO,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Collier County.
Russell T. Kirshy, Judge.

June 20, 2025

TRAVER, C.J.

John A. Saladino ("Former Husband") appeals the trial court's post-judgment order finding him in contempt of its final judgment and prejudgment standing order, awarding Erika F. Saladino ("Former Wife") sole parental responsibility and time sharing until further court order, and directing him to undergo a psychological evaluation. We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A); *Hessert v. Hessert*, 395 So. 3d 1115, 1115–16 (Fla. 6th DCA 2024) (explaining that post-judgment contempt order was final order); *see also* Fla. R. App. P. 9.040(c). The trial court violated Former Husband's due process rights when it awarded Former

Wife relief that she did not seek in her contempt motion. And it erred by holding Former Husband in contempt for violating a prejudgment standing order that became unenforceable after it entered the final judgment. For these reasons, we reverse.

The parties married in 2006 and had a child. In 2022, Former Husband filed for divorce, and the trial court entered a standing order governing the parties' conduct during the case. By its own terms, the order would remain in effect until the trial court entered a final judgment. Relevant here, the standing order required the parties to maintain their insurance policies without changing any terms.

The parties agreed to a parenting plan before trial, which the trial court approved via order. It awarded the parties shared parental responsibility, with Former Wife exercising majority timesharing. The case proceeded to trial on the remaining issues, and the trial court reserved ruling.

Before the trial court issued the final judgment, Former Wife moved for contempt. She alleged that Former Husband was not abiding by the court-ordered parenting plan, and that his failure to maintain car insurance had exposed her to repair costs following an accident she did not cause.

The trial court entered final judgment. It did not address Former Wife's contempt motion or allegations that Former Husband had violated the trial court's prejudgment standing order. Former Wife then amended her contempt motion, additionally claiming that Former Husband had taken the minor child and refused to

2

return him.  She also alleged that "someone" had initiated law enforcement calls and child welfare complaints on her.  Neither of Former Wife's motions sought to suspend Former Husband's timesharing, award her sole parental responsibility, or require Former Husband undergo a psychological evaluation.

The trial court set a hearing on Former Wife's amended contempt motion, at which Former Husband failed to appear.  It received testimony from Former Wife that corroborated the allegations contained in her amended motion, and it granted most of the relief she sought, including a child pickup order.  The trial court expressed concern that it could not find a violation of the standing order after it had entered final judgment, but Former Wife's counsel assuaged this concern by noting she had filed the original motion before the final judgment's entry.  At the hearing's conclusion, the trial court worried about Former Husband's erratic behavior and invited Former Wife to seek to suspend his timesharing.  It then imposed this relief.  It also awarded Former Wife sole parental responsibility and said that Former Husband could challenge these rulings after he underwent a psychological examination.

Former Husband challenges the trial court's actions relating to timesharing, parental responsibility, and the psychological evaluation as violating his due process rights.  He also insists the trial court could not find him in contempt of a prejudgment standing order after it had entered final judgment.  Although we acknowledge the

3

trial court's valid concerns about Former Husband's behavior, his appellate arguments have merit.

We review de novo alleged violations of due process. *See Pavilion at Healthpark, LLC v. S.M.*, 403 So. 3d 517, 519 (Fla. 6th DCA 2025) (citing *Butler v. Brown*, 338 So. 3d 392, 393 (Fla. 5th DCA 2022)). A trial court provides due process through notice and opportunity to be heard, and it deprives it when it expands a hearing's scope without proper notice. *See Kirkpatrick Tr. v. Lakeview Loan Servs., LLC.*, 377 So. 3d 650, 652 (Fla. 5th DCA 2024). When a party does not request a particularized relief, and the matter is not tried by consent, granting that relief violates due process. *Pavilion at Healthpark*, 403 So. 3d at 519 (citing *Schanck v. Gayhart*, 245 So. 3d 970, 972 (Fla. 1st DCA 2018)).

The trial court violated Former Husband's due process rights when it eliminated his timesharing, awarded Former Wife sole parental responsibility, and directed that he could only revisit these issues once he underwent a psychological evaluation. Because Former Wife did not seek this relief in her motion, this was error. *See Logreira v. Logreira*, 322 So. 3d 155, 158–59 (Fla. 3d DCA 2021) (reversing order granting party sole parental responsibility when party did not request it); *Oddo v. Oddo*, 340 So. 3d 541, 542 (Fla. 5th DCA 2022) (reversing order requiring psychological and psychiatric evaluations when party did not seek them); *Moody v. Moody*, 721 So. 2d 731, 734 (Fla. 1st DCA 1998) (reversing contempt

4

order where parties' motions did not seek change in custody). While the record does not support Former Wife's belated efforts to couch the trial court's actions as responsive to an "emergency," nothing stops the trial court from addressing these concerns on remand, given proper notice and an opportunity to be heard or a true emergency. *See, e.g.*, *Fulcher v. Allen*, 363 So. 3d 1173, 1175 (Fla. 6th DCA 2023).

The trial court also erred when it awarded Former Wife relief under an expired order. We review de novo the standing order's post-judgment validity. *See McFatter v. McFatter*, 193 So. 3d 1100, 1103–04 (Fla. 1st DCA 2016). The trial court's standing order said that it would remain in effect until the trial court entered a final judgment, at which time it would terminate. Former Wife did not obtain a ruling from the trial court before it entered final judgment, and the trial court did not reserve jurisdiction to address it following the final judgment's entry. The trial court could not award relief for this temporary order's violation after it expired. *See, e.g.*, *Jackson v. Jackson*, 513 So. 2d 780, 781 (Fla. 1st DCA 1987) (temporary order requiring former husband to pay former wife's automobile expenses expired upon final judgment's entry and precluded her subsequent request for continued payment).

For these reasons, we reverse and remand for the trial court to vacate those portions of its contempt order addressed here and for further proceedings.[1]

REVERSED and REMANDED with instructions.

---

[1] We decline Former Husband's request to order reassignment of the case to another judge.

BROWNLEE and GANNAM, JJ., concur.

Sandy T. Fox, of Sandy T. Fox, P.A., Miami, for Appellant.

Parker R. Hall and Cynthia B. Hall, of Silverio & Hall, P.A., Naples, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED