PER CURIAM.
We have for review an order setting temporary alimony and child support, and making an interim award of attorney’s fees, suit money, and costs. We affirm in part and reverse in part.
In a lengthy evidentiary proceeding the General Master heard conflicting evidence regarding the level of the wife’s need for temporary alimony and child support, as well as the husband’s ability to pay. We find no abuse of discretion in the trial court’s order affirming the General Master’s report with respect to temporary alimony and child support. See Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).[1]
We reach a different conclusion with regard to the order awarding attorney’s fees, suit money, and costs. “[T]he purpose of section 61.16, Florida Statutes, was to ensure that both parties [to a dissolution] will have similar ability to secure competent legal counsel.” Nichols v. Nichols, 519 So.2d 620, 621 (Fla.1988) (emphasis in original; citation omitted). At the hearing below the $95,000 amount sup *230 ported by the wife’s expert was not seriously challenged as to reasonableness, although the wife’s expert was cross-examined. No opposing expert testimony was offered. The husband’s objection was grounded on lack of ability to pay. The $20,000 amount awarded was less than amounts previously billed by the wife’s counsel and accountant. Although the General Master found that the husband has a temporary, serious cash flow problem, the Master also found that the husband projects a positive cash flow of $700,000 to $1,000,000 by the end of 1989. While the husband has substantial indebtedness, he also has substantial assets. In light of the admonition in Nichols that each spouse have a similar ability to secure competent legal counsel, and in light of the importance of having a reasonable opportunity to prepare for a final hearing, we conclude on this record that it was an abuse of discretion to reduce the award for attorney’s fees, suit money and costs below the level requested by the wife. That interim order is therefore reversed.
Affirmed in part, and reversed in part, and remanded.

. The General Master’s report indicates that the temporary award is intended to be interim in nature during the period of cash flow difficulty which is projected to be resolved during 1989.