CAMPBELL, Acting Chief Judge.
Appellant/Wife argues on appeal that the trial court improperly approved only a portion of her attorney’s fees and improperly required her to pay thirty percent of those fees while requiring Husband to pay seventy percent. We agree and reverse.
In his motion, Wife’s counsel had requested a total fee of $5,562 and costs of $2,768.46 for a total of $8,330.46. He presented a detailed statement setting *768 forth the hours expended (41.2) at an hourly rate of $135. The court found that Wife’s counsel was entitled to $130 per hour for 20.9 hours (or $2,717 in fees) and to $919 in costs. The court ordered Husband to pay seventy percent of Wife’s fees and costs, and ordered Wife to pay thirty percent. At trial, Wife had been prepared to present expert testimony in support of the fees, but Husband’s counsel stipulated to the reasonableness of the hourly rate and number of hours, so no testimony was presented.
We conclude that by reducing the stipulated reasonableness of the number of hours expended and the stipulated reasonableness of the hourly rate, the court abused its discretion. See Tendrich v. Tendrich, 544 So.2d 229 (Fla. 3d DCA 1989). The court also erred when it failed to set forth specific findings justifying the reduction as required by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
Finally, the court erred when it ordered Wife to pay thirty percent of her attorney’s fees and costs. Where one spouse’s income is far superior to the other’s, that spouse will be required to pay the less fortunate spouse’s attorney’s fees. Walton v. Walton, 540 So.2d 130 (Fla. 2d DCA 1989). Husband’s income here is nearly six times that of Wife, and Wife’s assets are not substantial. Wife should not be required to use her rehabilitative alimony to pay attorney’s fees.
We reverse the trial court order and remand with directions to the trial court to enter an order granting Wife’s counsel’s motion for fees and costs and requiring Husband to pay all of Wife’s attorney’s fees and costs.
FRANK and HALL, JJ., concur.