722 So.2d 851 (1998)
Jennie R. HAMLIN, Appellant,
v.
Ronald W. HAMLIN, Appellee.
No. 97-4723.
District Court of Appeal of Florida, First District.
November 17, 1998.
Rehearing Denied January 6, 1999.
*852 Bill A. Corbin, Blountstown; Joseph L. Shields, Tallahassee; Edwin A. Green, II, Tallahassee, for Appellant.
Scott A. Snavely and Anthony L. Bajoczky of Bajoczky & Fournier, Tallahassee, for Appellee.
PER CURIAM.
This is an appeal by the former wife from a final judgment of marital dissolution. We affirm the first three issues raised, finding competent, substantial support in the record for the portions of the judgment alleged to be in error. We reverse, however, the attorney's fee award to the former wife and remand the case for further proceedings.
Section 61.16, Florida Statutes (1995), authorizes the court to enter an award of attorney's fees after considering the financial resources of both parties. Here, the trial court found that the former husband should pay a portion of the former wife's fees amounting to $5,000, and it awarded her an IRA annuity worth $5,750.92 in full payment for such fees. There are several problems with this ruling, the first being that the IRA was determined to be a marital asset, and under Florida's equitable distribution law, the former wife is already entitled to half of same. Consequently, while the former wife was awarded $5,000 in fees, $2,875.46 of the amount should have been credited to her one-half interest in the IRA. Second, considering the parties' incomes, we deem it inappropriate to require the former wife to liquidate marital assets to pay attorney's fees. Third, considering the vast income disparity, we question why the former husband was not required to pay all of the former wife's fees. See Greeley v. Greeley, 583 So.2d 1078 (Fla. 1st DCA 1991); White v. White, 575 So.2d 767 (Fla. 2d DCA 1991).
Next, we note that in determining a reasonable attorney's fee, courts should consider the following factors: (1) the time and labor required, the novelty and difficulty of the issues, and the legal skill required; (2) the likelihood that the representation will preclude other employment by the lawyer; (3) the customary fee; (4) the result obtained; (5) the time limitations imposed by the client or circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyers; and (8) whether the fee is fixed or contingent. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla.1985). Despite the directive set forth in Rowe, the trial court failed to make findings in regard to the above factors. The lack of findings constitutes reversible error, even if there is competent, substantial evidence to support the award. See Hoffay v. Hoffay, 555 So.2d 1309, 1310 (Fla. 1st DCA 1990) (presence of evidence in the record supporting a fee award does not obviate the need for specific findings on hourly rate, number of hours reasonably expended, and appropriateness of reduction or enhancement factors). After remand, therefore, the trial court should set forth the basis upon which the award was made in accordance with section 61.16 and the Rowe factors.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN and MINER, JJ., concur.
KAHN, J., concurs in result with opinion.
KAHN, Judge, concurring in result.
I agree that we must reverse the attorneys' fee award as it was made by the trial court. The trial judge's failure to recognize that one-half of the IRA is marital property is in and of itself sufficient cause to reverse and remand. I would, however, respectfully decline to comment prospectively on the ruling that the trial judge will make on remand.