GRIFFIN, J.
Patricia Alday, i/k/a Patricia Gleason [“Patricia”], appeals a final judgment of modification of a dissolution of marriage. She raises five issues. First, she contends that, in designating Delbert Gleason [“Delbert”], her ex-husband, as primary residential parent of their son, the trial court did not make the required finding that it was in the child’s best interests. Second, she maintains that the trial court erred as a matter of law by awarding retroactive child support for two years prior to the filing of Delbert’s petition for modification. Third, Patricia asserts that the trial court erred in awarding certain relief that she claims was not specifically requested in the pleadings. Fourth, she complains that the trial court erred in adopting verbatim the final judgment prepared by Delbert’s attorney. Finally, Patricia maintains that the trial court abused its discretion in failing to award her attorney’s fees for defending against Delbert’s motions for contempt. We affirm.
Because there is no transcript of the trial, we are unable to determine whether the trial court made a finding on the record during the trial that it was in the best interests of the parties’ child that Delbert be designated the primary custodial parent. See Clark v. Clark, 825 So.2d 1016, 1017 (Fla. 1st DCA 2002). Nor did Patricia complain of such an omission in the trial court. Similarly, because, section 61.30(ll)(c), Florida Statutes (2001), allows the trial court, in some circumstances, to award retroactive child support prior to the time the petition/motion was filed, we have no basis to reverse that award.
The record does not support Patricia’s contention that the trial court awarded Delbert relief not contained in the pleadings. Nor do we find harmful error in the trial court’s use of the husband’s proposed judgment. Patricia did not demonstrate that the final judgment was inconsistent with any earlier pronouncement of the trial court. See Ford Motor Co. v. Starling, 721 So.2d 335, 337 n. 4 (Fla. 5th DCA 1998)(citing White v. White, 686 So.2d 762 (Fla. 5th DCA 1997)); Polizzi v. Polizzi, 600 So.2d 490 (Fla. 5th DCA 1992). Finally, we find no abuse of discretion in the denial of Patricia’s request for attorney’s fees. AFFIRMED.
THOMPSON and TORPY, JJ., concur.