884 So.2d 390 (2004)
Patrick D. BURNHAM, Appellant,
v.
Amanda A. BURNHAM, Appellee.
No. 2D03-1012.
District Court of Appeal of Florida, Second District.
September 17, 2004.
*391 Joseph C. Hood, Tampa, for Appellant.
No appearance for Appellee.
CANADY, Judge.
In this appeal of a final judgment of dissolution of marriage, Patrick D. Burnham, the former husband, challenges (a) the determination of the circuit court that the primary residence of the couple's only child should be with the former wife, (b) an award of attorney's fees to the former wife, (c) a provision requiring him to maintain life insurance to secure support payments, and (d) a provision that he make a will designating the child as beneficiary of his estate in the amount of at least $25,000. We affirm the provisions concerning primary residence and visitation and reverse on the other issues.

(a) Primary Residence and Visitation
Although a substantial hearing concerning custody of the child was apparently conducted, that hearing was not transcribed. The parties stipulated to, and the trial court approved, an order establishing a statement of evidence pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). The judgment recites several factors supporting the determination that the child's primary residence be with the mother. The judgment states that the former wife was more likely than the former husband to allow the child frequent and continuing contact and to encourage the child to have a close and continuing relationship with the other parent. The child had been residing with the former wife for all but three months since the parties separated. For those three months the child lived with the maternal grandmother and the former wife saw the child every day. The judgment noted that the former husband had been arrested and placed on probation for six months for an act of domestic violence against the former wife. The judgment concluded that both parents are loving parents who are interested in the health, welfare, and development of the child and that the child had a loving bond with both parents. The judgment also concluded that both parents could provide the child with food, clothing, and medical care. The judgment ordered that the former husband have biweekly weekend visitation, as well as visitation on alternating holidays and thirty days in the summer.
In the absence of a suitable substitute for a trial transcript, the former husband cannot overcome the presumption of correctness of the trial court's determination. Ordinarily, the absence of a transcript of the pertinent hearing precludes appellate review of a trial court's determination concerning custody and visitation. See Sullivan v. Sullivan, 668 So.2d 329, 330 (Fla. 4th DCA 1996); Clayton v. Clayton, 442 So.2d 310, 311 (Fla. 1st DCA 1984) (citing Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979)); see also Pignataro v. Rutledge, 841 So.2d 636, 638 (Fla. 2d DCA 2003); Alday v. Gleason, 853 So.2d 1105, 1106 (Fla. 5th DCA 2003).
The former husband does submit the statement of evidence that was approved by the trial court pursuant to rule 9.200(b)(4). We conclude, however, that *392 the statement of evidencewhich can best be described as fragmentaryprovides an insufficient basis for review of the trial court's determination concerning custody and visitation. See Bei v. Harper, 475 So.2d 912, 915 (Fla. 2d DCA 1985) (holding that statement of evidence approved by trial court was "deficient, because it purport[ed] to recite only segments of the trial proceedings"); see also Starks v. Starks, 423 So.2d 452, 453 (Fla. 1st DCA 1982) (holding that the statement of evidence was not "a sufficient substitute for... a hearing transcript"). The factual findings in the judgment concerning custody thus must be affirmed. See Coleman v. Coleman, 492 So.2d 782 (Fla. 2d DCA 1986); Jolly v. Jolly, 572 So.2d 566 (Fla. 1st DCA 1991); Heath v. Killian, 556 So.2d 410, 412 (Fla. 1st DCA 1989). Those findings reflect that there was a substantial basis to support the trial court's custody determination, which was well within that court's wide discretion in ruling on custody based on the best interest of the child. The order determining custody therefore should be affirmed. See Artuso v. Dick, 843 So.2d 942, 944 (Fla. 4th DCA 2003); Miller v. Miller, 842 So.2d 168, 169, 170 (Fla. 1st DCA 2003).

(b) Attorney's Fees
The judgment states that the former wife has established a need for contribution to the attorney's fees which have been incurred and that the former husband's superior earning capacity demonstrates that he had the ability to contribute to the need. The judgment directed that the former husband pay the sum of $1750 "which represents half of the reasonable attorney fees incurred by the [former wife]." The judgment recited the financial resources of the parties and thereby contained information concerning their relative ability to pay the fees. We therefore do not disturb the trial court's determination concerning the former wife's entitlement to fees. The amount of the fees determined by the trial court is another matter. The judgment contains no indication of the hours worked by the former wife's attorney or a reasonable hourly rate. Reversal of the attorney's fee award is required, given the absence of specific findings as to the number of hours reasonably expended and an hourly rate. See Beck v. Beck, 852 So.2d 934, 937 (Fla. 2d DCA 2003); Baime v. Baime, 850 So.2d 606, 607 (Fla. 4th DCA 2003); Saporito v. Saporito, 831 So.2d 697, 701 (Fla. 5th DCA 2002). A judgment provision simply stating the amount of attorney's fees required to be paid without any specific findings regarding the basis for the determination of the amount is facially invalid. Maas v. Maas, 541 So.2d 160 (Fla. 2d DCA 1989). On this issue we remand for further proceedings.

(c) Insurance Requirement
Section 61.13(1)(c), Florida Statutes (2003), authorizes the trial court to order the obligor to maintain a life insurance policy to the extent necessary to secure an award of child support. In determining whether to make such an order, the court should consider in addition to the need for such insurance the cost and availability of such insurance, as well as the financial impact upon the obligor. Cozier v. Cozier, 819 So.2d 834, 837 (Fla. 2d DCA 2002); Cissel v. Cissel, 845 So.2d 993, 995 (Fla. 5th DCA 2003); Forgione v. Forgione, 845 So.2d 968, 969 (Fla. 4th DCA 2003). The amount of insurance must be related to the extent of the obligation being secured. Zangari v. Cunningham, 839 So.2d 918, 920 (Fla. 2d DCA 2003). The judgment and the record in this case lack any of the required showings, and the directive to maintain life insurance therefore must be reversed. On this issue we remand for further proceedings.

*393 (d) Direction to Make a Will
The judgment provides that the child shall be designated in the father's will as a beneficiary of his estate in the amount of at least $25,000 and also provides that the provision for child support shall be an obligation of the estate and shall not terminate on the death of the father. The court had no authority to impose such terms in the absence of consent. A parent's obligation to support the child terminates at death, and the court lacks authority to compel support of the child by the parent's estate. Flagler v. Flagler, 94 So.2d 592 (Fla.1957); Riley v. Riley, 131 So.2d 491, 492 (Fla. 1st DCA 1961); see also 25A Fla. Jur.2d Family Law § 859. These directives in the judgment are facially invalid and are therefore reversed.

Conclusion
For these reasons, the judgment is affirmed with respect to the determination of the child's primary residence and visitation. The other provisions of the judgment challenged by the former husband are reversed. The matter is remanded to the circuit court for further proceedings consistent with this opinion.
Affirmed in part, reversed in part, remanded.
DAVIS and SALCINES, JJ., Concur.