ALTENBERND, Judge.
Ninoska Mejia appeals a final judgment of paternity which awarded Michael Santana, the father, primary residential responsibility of the child, required Ms. Mejia to pay child support of $515 per month, and required Ms. Mejia to obtain or maintain life insurance for the benefit of the child. We find no abuse of discretion in the trial court’s custody determination and thus affirm that portion of the judgment without further comment. We reverse the amount of child support awarded and the provision regarding life insurance and remand for the trial court to reconsider these provisions.
As often occurs in a contested custody case, the parties and court focused their attention at trial on the best interests of the child and the potential custody arrangements that would best serve the child’s interests. The financial issues regarding child support and other related provisions were given relatively short shrift by the parties, in part because certain variables depended upon the custody *1008 determination. As a result, at the conclusion of the trial the court attempted to craft an appropriate child support award from the parties’ financial affidavits without additional evidence on this issue.
Although it appears the parties’ financial affidavits provided accurate calculations of their respective net monthly incomes, they did not provide reliable figures for the child’s anticipated daycare or health insurance expenses. See § 61.30(7), (8), Fla. Stat. (2005) (requiring court to include in child support calculation seventy-five percent of daycare expenses for the child incurred due to employment, job search, or education and the costs of the child’s health insurance costs). Indeed, because the child was in Ms. Mejia’s primary care when these affidavits were submitted, it is unclear whether the line items on the parties’ respective affidavits reflected actual expenses or anticipated expenses for this child, or if they may have even included expenses related to Mr. Santana’s other children. We therefore reverse the amount of monthly child support and remand for a recalculation of child support based upon competent evidence of the parties’ current net incomes, any daycare expenses for the child related to Mr. Santana’s employment, and the cost of any health insurance for the child.
In addition, although the judgment requires Ms. Mejia to maintain life insurance for the benefit of the child to secure her child support obligation, see § 61.13(l)(c), Mr. Santana concedes that there was no evidence presented at trial regarding whether Ms. Mejia had life insurance available for the benefit of the child or the cost of such insurance. We therefore reverse this provision in the final judgment. See Burnham v. Burnham, 884 So.2d 390, 392 (Fla. 2d DCA 2004) (requiring court to consider the need for life insurance, the cost and availability of such insurance, and the financial impact upon the obligor before imposing obligation to maintain life insurance pursuant to section 61.13). On remand, the trial court can entertain evidence on this issue and revisit the propriety of such a provision.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and VILLANTI, JJ., Concur.