965 So.2d 832 (2007)
Diana G. SCHWARTZ, Appellant,
v.
Roy I. SCHWARTZ, Appellee.
Nos. 1D06-5799, 1D07-173.
District Court of Appeal of Florida, First District.
August 29, 2007.
*833 Paula L. Walborsky, Tallahassee, for Appellant.
James P. Judkins and Martin Randall of Judkins, Simpson & High, Tallahassee, for Appellee.
THOMAS, J.
Diana Schwartz ("Former Wife") appeals the trial court's order granting modification of the primary custody of the parties' two children and denying her attorney's fees. We affirm the custody modification. See Wade v. Hirschman, 903 So.2d 928 (Fla. 2005). However, because the trial court abused its discretion regarding each party's financial needs and ability to pay, we reverse the order denying Former Wife's request for attorney's fees.
Section 61.16, Florida Statutes (2005), provides in pertinent part:
(1) The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals.
This provision expressly requires the court to make findings regarding each party's financial needs and ability to pay. Sumlar v. Sumlar, 827 So.2d 1079, 1084 (Fla. 1st DCA 2002). The purpose of the statute is "to ensure that both parties will have a similar ability to obtain competent legal counsel." Rosen v. Rosen, 696 So.2d 697, 699 (Fla. 1997) (citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980)). The supreme court explained that "proceedings under chapter 61 are in equity and governed by basic rules of fairness as opposed to the strict rule of law." Id. at 700. In determining whether to make such an award, the trial court is to primarily consider the relative financial resources of the parties, but may also consider any other factor necessary to provide justice and ensure equity. See id. at 700.
Here, the evidence suggests that there is a great disparity between the wealth of the two parties, as Former Husband's net worth is well over ten times that of Former Wife. Despite this evidence, the trial court denied Former Wife's request for attorney's fees. The trial court found that the amount of fees charged by Former Husband's attorney was a reasonable amount of fees to be charged to each party. Because Former Wife previously paid the majority of this amount to her attorney and has the financial ability to pay the remaining balance, the trial court found that she has no need to be awarded fees. This analysis was improper and irrelevant; accordingly, the trial court abused its discretion in denying Former Wife's request for attorney's fees. See Hamlin v. Hamlin, 722 So.2d 851, 852 (Fla. 1st DCA 1998) ("[C]onsidering the vast income disparity, we question why the former husband was not required to pay all of the former wife's fees.").
As we stated in Hamlin, "[I]n determining a reasonable attorney's fee, courts should consider the following factors: (1) the time and labor required, the novelty and difficulty of the issues, and the legal skill required; (2) the likelihood that the representation will preclude other employment by the lawyer; (3) the customary fee; (4) the result obtained; (5) the time limitations imposed by the client or circumstances; (6) the nature and length of the professional relationship with the *834 client; (7) the experience, reputation and ability of the lawyers; and (8) whether the fee is fixed or contingent." 722 So.2d at 852 (citing Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985)). Here, there is nothing in the trial court's order that allows us to discern whether any of these factors were considered in determining Former Wife's "reasonable" attorney's fee. Simply taking the amount charged by Former Husband's attorney and determining it is a reasonable fee to be charged by Former Wife's attorney is improper and an abuse of discretion. See Hoffay v. Hoffay, 555 So.2d 1309, 1310 (Fla. 1st DCA 1990) (holding the law is "well established that the trial court must set forth specific findings concerning the hourly rate, the number of hours reasonably expended and the appropriateness of reduction or enhancement factors.").
On remand, the trial court must properly determine the reasonable amount of Former Wife's attorney's fee, using the factors outlined in Hamlin and Rowe. Once this amount is established, the trial court should then properly reexamine Former Wife's request for attorney's fees, paying special attention to the income disparity between the parties and any other relevant factors promulgated in Rosen.
AFFIRMED in part, REVERSED in part, REMANDED with instructions consistent with this opinion.
BENTON and PADOVANO, JJ., concur.