PER CURIAM.
 

 We affirm all issues in this appeal from a final judgment in a dissolution of marriage action, except for the requirement that the former husband maintain a life insurance policy to secure alimony and child support obligations.
 

 The trial court is authorized by sections 61.08(3) and 61.13(l)(c), Florida Statutes, to require a party who is ordered to pay alimony and child support to purchase or maintain a life insurance policy to secure those awards. In order to support the life insurance requirement, the trial court must make specific evidentiary findings as to the availability and cost of insurance, the obligor’s ability to pay, and the special circumstances that warrant such security.
 
 Plichta v. Plichta,
 
 899 So.2d 1283, 1287 (Fla. 2d DCA 2005);
 
 Burnham v. Burnham,
 
 884 So.2d 390, 392 (Fla. 2d DCA 2004). “Such special circumstances include a spouse potentially left in dire financial straits after the death of the obligor spouse due to age, ill health and/or lack of employment skills, obligor spouse in poor health, minors living at home, supported spouse with limited earning capacity, obligor spouse in arrears on support obligations, and cases where the obligor spouse agreed on the record to secure an award with a life insurance policy.”
 
 Richardson v. Richardson,
 
 900 So.2d 656, 661 (Fla. 2d DCA 2005) (quoting
 
 Alpha v. Alpha ,
 
 885 So.2d 1023, 1034 (Fla. 5th DCA 2004)). “The amount of insurance must be related to the extent of the obligation being secured.”
 
 Burnham,
 
 884 So.2d at 392 (citing
 
 Zangan v. Cunningham,
 
 839 So.2d 918, 920 (Fla. 2d DCA 2003)). Here, the final judgment includes no specific findings supporting the life insurance requirement; therefore, we reverse as to the life insurance issue and remand for reconsideration.
 

 HAWKES, C.J., WOLF and WETHERELL, JJ., concur.