PER CURIAM.
Upon careful review of the record and consideration of the totality of the circumstances presented therein, we conclude the trial court did not abuse its discretion in ordering Troy Therriault, the former husband, to pay to Lisa Therriault, the former wife, $1,123.67 per month in permanent periodic alimony when it dissolved the parties’ “moderate-term” marriage of nearly sixteen years. See §§ 61.08(4) & 61.08(8), Fla. Stat. (2010). The alimony award is based on competent and substantial evidence and does not cause either spouse to pass “ ‘automatically from misfortune to prosperity or from prosperity to misfortune.’ ” Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla.1980) (quoting Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974)). Because the Final Judgment of Dissolution of Marriage, in which the initial award of alimony was made, was entered prior to July 1, 2011, the effective date of the legislative amendments to section 61.08(8), Florida Statutes (2011),[1] the trial court was not required to make the now-requisite finding, as urged by the former husband, “that no other form of alimony is fair and reasonable under the circumstances of the parties.” See Ch.2011-92, § 80, Laws of Fla. Accordingly, we affirm the award of permanent periodic alimony.
We conclude, however, that the trial court abused its discretion by ordering the former husband to maintain $500,000 in life insurance to secure his alimony and child support obligations, naming the former wife as irrevocable beneficiary. The trial court is authorized by sections 61.08(3) and 61.13(l)(c), Florida Statutes (2010), to require the former husband, as the party ordered to pay alimony and child support, to purchase or maintain a life insurance policy to secure those awards. Yet, “[i]n order to support the life insurance requirement, the trial court must make specific evidentiary findings as to the availability and cost of insurance, the [former husband’s] ability to pay, and the special circumstances that warrant such security.” Kotlarz v. Kotlarz, 21 So.3d 892, 893 (Fla. 1st DCA 2009) (citing Plichta v. Plichta, 899 So.2d 1283, 1287 (Fla. 2d DCA 2005), and Burnham, v. Burnham, 884 So.2d 390, 392 (Fla. 2d DCA 2004)).
“Such special circumstances include a spouse potentially left in dire financial straits after the death of the obligor spouse due to age, ill health and/or lack of employment skills, obligor spouse in poor health, minors living at home, supported spouse with limited earning capacity, obligor spouse in arrears on support obligations, and cases where the obligor spouse agreed on the record to secure an award with a life insurance policy.” Richardson v. Richardson, 900 So.2d 656, 661 (Fla. 2d DCA 2005) (quoting Alpha v. Alpha, 885 So.2d 1023, 1034 (Fla. 5th DCA 2004)). “The amount of insurance must be related to the extent *714 of the obligation being secured.” Burnham, 884 So.2d at 392 (citing Zangan v. Cunningham, 889 So.2d 918, 920 (Fla. 2d DCA 2003)).
Kotlarz, 21 So.3d at 893. Here, the trial court failed to include specific findings to support the life insurance requirement; therefore, we reverse as to the ordered life insurance and remand for further consideration.
AFFIRMED, in part, REVERSED, in part, and REMANDED for further consideration consistent with this opinion.
PADOVANO, MARSTILLER, and SWANSON, JJ., concur.

. The subsequent Amended Final Judgment is identical in all material respects to the Final Judgment of Dissolution of Marriage, with the exception that it denies the former husband’s motion for rehearing. The Supplemental Final Judgment of Dissolution of Marriage merely sets the amount of permanent periodic alimony.