# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-202
_____

ESAD KURTANOVIC, Husband,

Appellant,

v.

ZINETA KURTANOVIC, Wife,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Steven M. Fahlgren, Judge.

May 25, 2018

ROBERTS, J.

In this appeal from a final judgment of dissolution of marriage, the former husband raises multiple issues on appeal: (I) the trial court erred when it calculated the equitable distribution award; (II) the trial court erred when it required the former husband to make a lump-sum payment; (III) the trial court erred by imputing income to the former husband when it calculated the alimony payments; (IV) the trial court erred by awarding the former wife retroactive alimony; (V) the trial court erred when it required the former husband to secure the former wife's alimony award with life insurance; (VI) the trial court erred by ordering the former husband's alimony payments to continue past his death; and (VII) the trial court erred in granting the former wife attorney's fees and costs. We find the trial court's equitable

distribution scheme contained a mathematical error and remand for correction of the error and otherwise affirm the equitable distribution scheme.  We find the trial court erred when it required the former husband to make a lump-sum payment to the former wife as there is no indication in the record that the former husband had the ability to pay such an award.  We find no error in the trial court's imputation of income to the former husband and award of alimony and retroactive alimony to the former wife and affirm. We find the trial court erred when it required the former husband to obtain life insurance to secure the former wife's alimony award and when it required the alimony award to extend beyond the former husband's death.  Because the parties appear to be on equal financial footing after equitable distribution and the award of alimony, we reverse the trial court's award of attorney's fees and costs to the former wife.

## Equitable Distribution

An appellate court reviews a trial court's equitable distribution scheme for abuse of discretion.  *Stough v. Stough*, 18 So. 3d 601, 604 (Fla. 1st DCA 2009).  The trial court provided a thorough equitable distribution scheme that contains a mathematical error in the initial equalization amount.  After distributing the parties' assets and debts, the trial court found that the former husband received $3,739.61 more than the former wife.  The record clearly shows that there was only a difference of $1,739.61.  Based on the correct difference, the former wife was only entitled to an initial equalizing payment of $869.80 rather than $1,869.80.  Therefore, we reverse on this point and remand for the trial court to correct the mathematical error and to reduce the former wife's total equitable distribution equalizing payment by $1,000.00.  We otherwise affirm the equitable distribution award.  *See Ard v. Ard*, 765 So. 2d 106, 107 (Fla. 1st DCA 2000) (reversing the equitable distribution scheme solely to correct a mathematical error and otherwise affirming the equitable distribution scheme).

## Lump-Sum Payment

"[A] lump sum equalizing payment to accomplish equitable distribution 'is properly awarded only when the

2

evidence reflects a justification for such an award *and the ability of the paying spouse to make the payment without substantially endangering his or her economic status.*'"

*Abramovic v. Abramovic*, 188 So. 3d 61, 64 (Fla. 4th DCA 2016) (quoting *Fortune v. Fortune*, 61 So. 3d 441, 446 (Fla. 2d DCA 2011) (emphasis added) (quoting *Bishop v. Bishop*, 47 So. 3d 326, 331 (Fla. 2d DCA 2010)). *See also Neal v. Meek*, 591 So. 2d 1044, 1046 (Fla. 1st DCA 1991) (any required lump-sum payment must be supported by findings of fact demonstrating the payor spouse's ability to make the payment within the contemplated timeframe).

The trial court made no findings with regards to the former husband's ability to pay a lump-sum equalizing payment. Because there is no indication in the record that the former husband had the ability to make a lump-sum payment within the time frame set by the trial court, we reverse.

**Alimony**

An appellate court reviews an award of alimony for abuse of discretion. *Abbott v. Abbott*, 187 So. 3d 326, 327 (Fla. 1st DCA 2016). The appellate court reviews the application of the law to the facts of the case de novo and will not reverse an alimony award if it is supported by competent, substantial evidence. *Id.*

*Imputation of Income*

When calculating an award of alimony using imputed income, the trial court must find that the party it is imputing income to is (1) underemployed or unemployed and (2) the underemployment or unemployment is not based on a physical or mental incapacity or based on a circumstance that the other party cannot control. *McDuffie v. McDuffie*, 155 So. 3d 1234, 1236 (Fla. 1st DCA 2015). If the trial court finds that a party is unemployed or underemployed, the trial court must impute income. *Id.*

During the marriage, the former husband started his own trucking business, which provided the majority of the financial support for the parties. During the time the former husband owned his own business, the parties were able to enjoy a

3

comfortable lifestyle. Shortly after the parties separated, the former husband claimed that his last tractor broke down and the repairs were too expensive, causing him to lose his business. He also testified that he could not work in the trucking industry because he had vision problems. The former wife testified that the former husband told her that he was no longer working in the trucking industry in order to avoid paying her alimony. The trial court found the former husband's testimony was not credible.

> A trial court can impute income where a spouse has failed to use his or her best efforts to earn income. A claim that a payor spouse has arranged his financial affairs or employment situation so as to shortchange the payee spouse is a valid matter to be explored in determining the payor's real ability to pay.

*Smith v. Smith*, 737 So. 2d 641, 644 (Fla. 1st DCA 1999) (citations omitted).

In determining imputation of income for alimony awards, the courts have applied the same factors as those applied to imputing income for child support. *Gray v. Gray*, 103 So. 3d 962, 967 (Fla. 1st DCA 2012) (citing *Smith v. Smith*, 737 So. 2d 641 (Fla. 1st DCA 1999)). Section 61.30(2)(b), Florida Statutes (2014), states in relevant part:

> Monthly income shall be imputed to an unemployed or underemployed parent if such unemployment or underemployment is found by the court to be voluntary on that parent's part, absent a finding of fact by the court of physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community if such information is available.

The trial court found that income should be imputed to the former husband, and there is competent, substantial evidence to

4

support the amount imputed to the former husband based on his 2014 gross business receipts, his business credit card statements, and his business taxes. The record shows that the former husband's business began to slow down soon after the former wife filed this cause of action on August 1, 2014. Thus, the trial court used the most recent credible income available as required by the statute, and we find that the trial court did not err.

The former husband also challenges the amount of rental property income the trial court attributed to him. The trial court appears to have adopted the former wife's evidence with regards to the rental property income. The former wife's rental property income deducted amounts for homeowner's association fees, insurance, and mortgages. The former husband had the duty to put forth evidence to establish any additional deductions. *See Hodge v. Hodge*, 129 So. 3d 441, 443 (Fla. 5th DCA 2013) (the person claiming that deductions should be made has the duty to establish the deductions for maintenance of the property from the rental property income). Because the former husband failed to put forth competent, substantial evidence to support his claim for additional deductions, we find no error in the trial court's calculations.

We find that the trial court's ruling on the award of alimony is supported by competent, substantial evidence and affirm.

*Retroactive Alimony*

An award of retroactive alimony must be based on the receiving spouse's need during the retroactive period and the payor spouse's ability to pay during the retroactive period. *Abbott*, 187 So. 3d at 328. Because there is competent, substantial evidence to support the trial court's award of retroactive alimony, we affirm this issue.

*Life Insurance to Secure Award of Alimony*

The former husband argues that the trial court erred when it required him to obtain life insurance because the former wife did not request her alimony to be secured by life insurance in her pleadings or during the proceedings. We find that it was error for

5

the trial court to require this additional financial burden as the former husband had no notice and was not given the opportunity to present a defense on this issue. *See Stalnaker v. Stalnaker*, 892 So. 2d 561, 563 (Fla. 1st DCA 2005) (trial court did not err in ordering the payor spouse to secure the alimony award by obtaining life insurance since the issue was raised during trial without objection); *see also Eisele v. Eisele*, 91 So. 3d 873, 874 (Fla. 2d DCA 2012) (trial court does not have authority to require a party to obtain life insurance to secure child support payments unless such relief has been requested); *Lowe v. Lowe*, 789 So. 2d 1202, 1202 (Fla. 4th DCA 2001) (trial court erred in ordering the payor spouse to obtain life insurance to secure his alimony payments when the payee spouse failed to request the relief in her motion for contempt). Accordingly, we reverse.

*Alimony Beyond Death*

An alimony award generally cannot survive the death of the payor spouse. *See Zimmerman v. Zimmerman*, 766 So. 2d 1196, 1196 (Fla. 1st DCA 2000) (a spouse's obligation to pay permanent alimony terminates upon his death); *O'Malley v. Pan Am. Bank of Orlando, Nat'l Ass'n*, 384 So. 2d 1258, 1260 (Fla. 1980) ("[T]he well established rule is that an obligation to pay alimony ceases upon the death of the obligor, unless that person expressly agrees that the estate shall be bound to continue to pay alimony after his death."). Finding no agreement by the former husband to pay alimony after his death, we reverse the trial court's ruling that the former husband's estate is responsible for the former wife's alimony payments upon his death.

**Attorney's Fees and Costs**

The standard of review for an award of attorney's fees is abuse of discretion. *Watson v. Watson*, 124 So. 3d 340, 343 (Fla. 1st DCA 2013). The primary consideration for an award of attorney's fees and costs is the financial resources available to each party. *See* § 61.16(1), Fla. Stat. (2014). "The purpose of . . . section [61.16(1)] is to ensure that both parties will have a similar ability to obtain competent legal counsel." *Broemer v. Broemer*, 109 So. 3d 284, 290 (Fla. 1st DCA 2013) (quoting *Rosen v. Rosen*, 696 So. 2d 697, 699 (Fla. 1997)). An award of attorney's fees and costs should not be

6

granted when the parties are equally able to pay attorney's fees and costs after the court has equally distributed the property and equalized the parties' incomes. *Hutchinson v. Hutchinson*, 185 So. 3d 528, 529 (Fla. 1st DCA 2015). Because the parties' financial resources and income appear to be equal after equitable distribution and the award of alimony, we reverse the trial court's award of attorney's fees and costs to the former wife. On remand, the trial court shall revisit the award of attorney's fees and costs, taking into account the equalization of the parties' financial resources and incomes.

AFFIRMED in part; REVERSED in part, and REMANDED with instructions.

WETHERELL and ROWE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Michael M. Giel of Giel Family Law, P.A., Jacksonville, for Appellant.

No appearance for Appellee.