# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2071
_____

SEAN PATRICK MAHONEY,

    Appellant,

    v.

VIRGINIA COLBY MAHONEY,

    Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
John Jay Gontarek, Judge.

July 9, 2018

JAY, J.

In this appeal from a final judgment of dissolution of marriage, the former husband raises the following issues: (I) the trial court erred in ordering him to pay $1500 in monthly, durational alimony to the former wife for four years; (II) the trial court erroneously calculated child support under the child support guidelines; (III) the trial court erred by ordering the former husband to pay $3000 in attorney's fees to the former wife; (IV) the trial court erred by requiring the former husband to secure the alimony and child support awards with life insurance and by ordering the former husband to designate the former wife as the beneficiary of his survivor benefit plan; (V) the trial court miscalculated when the former husband's military retirement plan ceased to be a marital asset; and (VI) the trial court erred in the

manner by which it directed the division of the parties' tangible personal property.

Finding no need for further elaboration of the following points, we conclude without comment that there was no abuse of discretion or legal error in the trial court's award of durational alimony to the former wife; in its decision to designate the former wife as the irrevocable beneficiary of the former husband's survivor benefit plan (thereby awarding her the maximum amount available of 55% of the annuity upon the former husband's death); or in its directions concerning the distribution of the parties' tangible personal assets. We also affirm without comment the trial court's calculation of the monthly child support award.[*]

Concerning the remaining issues on appeal, we find, first, that the trial court abused its discretion in awarding the former wife attorney's fees without making the requisite findings. We also find that the trial court erred when it failed to make specific findings before directing the former husband to secure life insurance. And, lastly, we find the trial court miscalculated the former wife's marital share of the former husband's military retirement benefits. On these matters, we reverse and remand for further proceedings as discussed in greater detail below.

**Attorney's Fees**

In its final judgment, the trial court ordered the former husband to pay to the former wife $3000 in attorney's fees, finding that she had the need for payment of her fees and he had the ability to pay. A trial court's award of attorney's fees is reviewed for an

---

[*] We do note that the former husband failed to raise in his motion for rehearing any argument that the child support award lacked the necessary written findings to support a variance of more than 5% from the guideline amount as required by section 61.30(1)(a), Florida Statutes (2016). The former husband's failure to bring this aspect of the child support order to the trial court's attention—in his motion for rehearing—waived his argument on this issue. *See Brock v. Brock*, 229 So. 3d 425 (Fla. 1st DCA 2017) (Mem.) (citing cases).

2

abuse of discretion. *Ziruolo v. Ziruolo*, 217 So. 3d 1170, 1172 (Fla. 1st DCA 2017).

Attorney fee awards in dissolution actions are governed by section 61.16, Florida Statutes (2016), "which requires the court to consider 'the relative financial resources of the parties' in evaluating whether an award of fees is appropriate." *Perez v. Perez*, 100 So. 3d 769, 771 (Fla. 2d DCA 2012). "The purpose of the statute is 'to ensure that both parties will have a similar ability to obtain competent legal counsel.'" *Schwartz v. Schwartz*, 965 So. 2d 832, 833 (Fla. 1st DCA 2007) (quoting *Rosen v. Rosen*, 696 So. 2d 697, 699 (Fla. 1997)). "In determining whether to make such an award, the trial court is to primarily consider the relative financial resources of the parties, but may also consider any other factor necessary to provide justice and ensure equity." *Schwartz*, 965 So. 2d at 833 (citing *Rosen*, 696 So. 2d at 700). If there is a finding of entitlement, the trial court must evaluate the reasonableness of the requested fee. *Ortiz v. Ortiz*, 227 So. 3d 730, 732 (Fla. 3d DCA 2017); *see also Schwartz*, 965 So. 2d at 833-34.

In evaluating reasonableness, the trial court should consider the following:

> (1) the time and labor required, the novelty and difficulty of the issues, and the legal skill required; (2) the likelihood that the representation will preclude other employment by the lawyer; (3) the customary fee; (4) the result obtained; (5) the time limitations imposed by the client or circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyers; and (8) whether the fee is fixed or contingent.

*Schwartz*, 965 So. 2d at 833-34 (citations and internal quotation marks omitted). After completing this analysis, the trial court must "set forth findings . . . [as to] the factors that justify the specific amount awarded." *Rogers v. Rogers*, 12 So. 3d 288, 292 (Fla. 2d DCA 2009). Those factors include "the hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement . . . ." *Giovanini v. Giovanini*, 89 So. 3d 280, 282 (Fla. 1st DCA 2012). "Where there is nothing in the trial court's order that allows the appellate court to discern whether any

3

of the above factors were considered in determining a reasonable attorney's fee, a fee award simply taking the amount charged by the attorney and determining it to be reasonable is improper and an abuse of discretion." *Campbell*, 46 So. 3d at 1223 (citing *Schwartz*, 965 So. 2d at 833).

Here, although the former wife testified at the final hearing that she was asking the trial court to order the former husband to pay her attorney's fees, no evidence was presented regarding the amount of those fees, and there is nothing on the face of the final judgment revealing that the trial court made the requisite factual determinations. Accordingly, the trial court abused its discretion in awarding $3000 in fees to be paid by the former husband. *See Nagl v. Navarro*, 187 So. 3d 359, 361 (Fla. 4th DCA 2016) (internal citations and quotation marks omitted) ("An award of attorney's fees must be supported by substantial competent evidence and contain express findings regarding the number of hours reasonably expended and a reasonable hourly rate for the type of litigation involved."); *see also Garrido v. Garrido*, No. 4D17-2140, 2018 WL 2746375 at *1 (Fla. 4th DCA June 6, 2018) (reversing final judgment for attorney's fees and remanding for the trial court "to make the appropriate findings as to the reasonableness of the hours expended and the hourly rate," quoting *Nagl*).

However, we are not persuaded by the former husband's argument that the former wife "invited the error" below. The former husband relies on *Held v. Held*, 617 So. 2d 358 (Fla. 4th DCA 1993), to claim the former wife is not entitled to a "second bite at the apple on remand." In *Held*, the husband took inconsistent positions at trial and on appeal. That tactic prompted the Fourth District to hold that "[a] party cannot claim as error on appeal that which he invited or introduced below." *Id.* at 360.

In this case, the former wife has consistently claimed that she needs the former husband to pay her attorney's fees and that the former husband is able to pay those fees. That position requires appropriate factual findings by the trial court. The former wife, therefore, did not invite the error of which the former husband now complains.

Accordingly, the award of attorney's fees is reversed and the cause is remanded for the trial court to determine the reasonable

4

amount of the former wife's attorney's fees, applying the factors outlined above.

## Life Insurance to Secure Alimony and Child Support

A trial court's decision to require the obligor spouse to maintain life insurance to secure awards of alimony and child support is reviewed for an abuse of discretion. *Therriault v. Therriault*, 102 So. 3d 711, 713 (Fla. 1st DCA 2012). Here, the trial court was authorized by the provisions of sections 61.08(3) and 61.13(1)(c), Florida Statutes (2016), to require the former husband—as the party ordered to pay alimony and child support— to purchase or maintain life insurance to secure those awards.

However, it was an abuse of discretion for the trial court to order the former husband to do so without first making "'specific evidentiary findings as to the availability and cost of insurance, the [former husband's] ability to pay, and the special circumstances that warrant such security.'" *Therriault*, 102 So. 3d at 713 (bracketed language in original) (quoting *Kotlarz v. Kotlarz*, 21 So. 3d 892, 893 (Fla. 1st DCA 2009)). Of particular note, such "special circumstances" include minor children living at home. Further, the amount of insurance must be "'related to the extent of the obligation being secured.'" *Id.* (internal citations omitted) (quoting *Kotlarz*, 21 So. 3d at 893). Thus, in the present case, "[w]hile there may be a basis in the record for such a finding," we must reverse and remand to the trial court to "include the required specific findings . . . [that] require the security." *Gotro v. Gotro*, 218 So. 3d 494, 498 (Fla. 1st DCA 2017).

## Military Retirement Plan

As far as identifying the military retirement plan as a marital asset, the former husband argues that the trial court utilized an incorrect cut-off date. We agree.

Section 61.075(7), Florida Statutes (2016), provides that absent a valid separation agreement, "[t]he cut-off date for determining assets and liabilities to be identified or classified as marital assets and liabilities is . . . the date of the filing of a petition for dissolution of marriage." Here, as there was no separation agreement between the parties, the trial court appropriately

utilized the date when the husband filed his petition for dissolution of marriage. *See Willman v. Willman*, 944 So. 2d 1151, 1151 (Fla. 1st DCA 2006) ("As the parties did not have a separation agreement, the husband's pension plan continued as a marital asset until he filed for divorce on August 10, 2004."); *see also* Peter Cushing, *Effects of Military Service, Adoption, Paternity, and Other Family Practice*, § 8-1 (Fla. Bar CLE 12th ed. 2017) (citations omitted) ("Florida has a bright line rule that in the absence of a marital settlement agreement, the date to be used to determine the marital classification of assets and liabilities is the date of the filing of the petition for dissolution of marriage and all retirement points earned on a military pension after the date of filing are nonmarital.").

In reciting the pertinent background facts in its final judgment, the trial court stated that "[t]he parties were married to each other for a period of *6 years 8 months* through the date of filing." (Emphasis in the original.) Later, the court reiterated this eighty-month determination as part of its evaluation of the former wife's entitlement to the marital portion of the former husband's military retirement.

However, the trial court's finding that the parties were married for eighty months has no basis in the record. At the time the former husband filed his petition for dissolution of marriage, the parties had been married for just over *four* years and eight months, or fifty-six months. Therefore, this portion of the final judgment must be reversed and remanded for the trial court to correct the cut-off date for identifying the former husband's military retirement as a marital asset under section 61.075(7). On remand, the other references in the final judgment to the incorrect length of the marriage measured by the date of filing should likewise be corrected.

As to the remainder of the former husband's argument under this point, it, too, suffers the infirmity of having been omitted from his motion for rehearing. Consequently, his additional claims were waived for review. *Brock*, 229 So. 3d at 425.

For all the reasons expressed above, the case is AFFIRMED, in part, REVERSED, in part, and REMANDED for further proceedings consistent with this opinion.

6

WOLF and WINSOR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Brian P. North, Kenny Leigh & Associates, Fort Walton Beach, for Appellant.

Clark H. Henderson, Oberliesen & Henderson, Fort Walton Beach, for Appellee.

7