# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1221
_____

STEPHEN MIRON,

    Appellant,

    v.

AMY RICHARDSON,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Jack Schemer, Judge.

July 16, 2019

BILBREY, J.

In this post dissolution of marriage case, Appellant challenges the final order requiring him to contribute $14,048.75 towards Appellee's attorney's fees and costs pursuant to section 61.16, Florida Statutes (2017). He raises several issues concerning the award, but we find only one was preserved for review by Appellant as it was raised in his motion seeking rehearing following the trial court's order. *See Owens v. Owens*, 973 So. 2d 1169, 1169 (Fla. 1st DCA 2007) (holding that a claim that a "final judgment lacks sufficient findings of fact" must be brought to the attention of a trial court by proper motion for the claim to be preserved for appellate review). We find that the trial court abused its discretion in making the award without making factual findings on Appellee's need and Appellant's ability to pay.

*See Mahoney v. Mahoney*, 251 So. 3d 977 (Fla. 1st DCA 2018) (applying an abuse of discretion standard in reviewing awards of attorney's fees under section 61.16). We therefore reverse and remand for further proceedings.

In the final order, the trial court made an express finding that Appellant's "financial condition is superior to the financial condition of" Appellee. However, there is no language in the final order showing that the court first found Appellee's need for financial assistance to retain counsel and Appellant's ability to provide the needed payment. The record contains a previous omnibus order on several motions, including the partial grant of Appellee's amended motion for attorney's fees. That order, effective June 23, 2015, instructed Appellee to file delineated evidence of attorney time and contemplated further action to resolve the issue of attorney's fees.* Like the final order on appeal, that earlier order contained no express finding of fact that Appellee had need for financial contribution towards her attorney's fees or that Appellant had the ability to pay.

While the court "may also consider any other factor necessary to provide justice and ensure equity," the primary consideration of the trial court in deciding whether to award attorney's fees and costs under section 61.16 is "the relative financial resources of the parties." *Mahoney*, 251 So. 3d at 980 (citations omitted). In "considering the financial resources of both parties," as required by section 61.16, "it is not enough to simply show that the adverse party's ability to pay the fees is greater than the party seeking relief or that an award is based on the relative financial strain of paying attorney's fees." *Bauchman v. Bauchman*, 253 So. 3d 1143, 1148 (Fla. 4th DCA 2018) (*quoting Carlson v. Carlson*, 719 So. 2d 936, 936 (Fla. 4th DCA 1998)).

The final order awarding the former wife's attorney's fees is reversed and remanded to allow the trial court to make the

---

* The June 23, 2015, order was therefore nonfinal and not subject to appeal on its own. *See Threadgill v. Nishimura*, 222 So. 3d 633 (Fla. 2d DCA 2017); *Scullin v. City of Pensacola*, 667 So. 2d 215 (Fla. 1st DCA 1995). That order is within our scope of review in considering this appeal. *See* Fla. R. App. P. 9.110(h).

required factual findings.  *See Abott v. Abbott*, 187 So. 3d 326, 329 (Fla. 1st DCA 2016); *Winder v. Winder*, 152 So. 3d 836, 842 (Fla. 1st DCA 2014); *Mishoe v. Mishoe*, 591 So. 2d 1100, 1101 (Fla. 1st DCA 1992).  Because Appellant's other issues were not preserved for review, the trial court's findings of the reasonable number of attorney hours, the uncontested reasonable hourly rate, the reasonable total for Appellee's attorney's fees, and the amount for costs are affirmed and may be re-entered in the event the trial court finds Appellee had a financial need and Appellant had the ability to pay.

AFFIRMED in part, REVERSED in part, and REMANDED.

WOLF and MAKAR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Dale E. Workman, The Villages, for Appellant.

No appearance, for Appellee.