# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2023-1843

———————————————

MARY ZARGARI, Wife,

    Appellant/Cross-Appellee,

    v.

NICK ZARGARI, Husband,

    Appellee/Cross-Appellant.

———————————————

On appeal from the Circuit Court for Okaloosa County.
John Jay Gontarek, Judge.

July 9, 2025

KELSEY, J.

The former wife appeals, and the former husband cross-appeals, the final judgment dissolving their thirty-one-year marriage and equally dividing their $14,200,000 in marital assets. The judgment required the former husband to make a $444,794 equalization payment to the former wife, and to pay her $6,000 monthly in permanent periodic alimony, secured by a $500,000 life insurance policy at his expense. The former wife challenges her asset awards as inadequate, and argues that her alimony and attorney-fee awards were too low. The former husband's cross-appeal challenges the alimony award and the life-insurance requirement. We affirm as to the former wife's appeal, and reverse

in part and remand for further proceedings on the former husband's cross-appeal issues.

## Standards of Review

In dissolution cases, we review valuation and equitable distribution issues, as well as awards of alimony and attorney fees, for competent substantial evidence and abuse of discretion. *King v. King*, 313 So. 3d 887, 891 (Fla. 1st DCA 2021) (competent substantial evidence); *McGowan v. McGowan*, 344 So. 3d 607, 610 (Fla. 1st DCA 2022) (abuse of discretion). Abuse of discretion occurs only when trial court action is "arbitrary, fanciful, or unreasonable." *Geralds v. State*, 111 So. 3d 778, 801 (Fla. 2010) (quoting *State v. Coney*, 845 So. 2d 120, 137 (Fla. 2003)). Our standard of review for awards of alimony and attorney fees is also abuse of discretion, and we will not reverse such awards if they are supported by competent, substantial evidence. *Kurtanovic v. Kurtanovic*, 248 So. 3d 247, 251–53 (Fla. 1st DCA 2018).

We repeat our recent emphasis on the extremely high threshold for finding an abuse of discretion when considering a trial court's equitable distribution:

> Our review "must fully recognize the superior vantage point of the trial judge and should apply the 'reasonableness' test to determine whether" there has been an abuse of discretion. *Canakaris* [*v. Canakaris*], 382 So. 2d [1197,] 1203 [(Fla. 1980)]. If reasonable people could differ over whether the trial judge made the right call on distributing the assets and liabilities, then the judge's decision "is not unreasonable and there can be no finding of an abuse of discretion." *Id.* To state this in the contrapositive, we can touch a trial judge's equitable distribution only if it can be said to be wholly unreasonable. *See id.*

*Collier v. Collier*, 343 So. 3d 183, 188 (Fla. 1st DCA 2022).

2

## The Distribution

After receiving voluminous and highly detailed documentary and testimonial evidence, the trial court used a seventy-nine-line chart to organize and resolve property-distribution issues. Among the most valuable marital assets was Marquis Kitchen & Bath, Inc., a provider of high-end products and services as reflected in its name. The former husband owned and operated Marquis and other commercial properties. The former wife managed several residential rental properties, performed some services for Marquis, and worked part-time for American Airlines.

The trial court valued Marquis at $1,275,000, although the former wife argued for a value of nearly $5,000,000. The Marquis showroom and underlying property were valued at just over $4,000,000. The marital home was valued at $1.5 million. The marital estate also included several commercial properties, residential rental properties, and other real estate holdings, four of which were valued at over $1,000,000 each. The trial court awarded the former wife two commercial rental properties and four residential rental properties that generated *net* rental income of $21,162 a month, independent of her American Airlines income of $2,816 a month. The former wife refused to accept one property that the trial court found generated income of $200,000 a year. The final judgment divided up the assets and liabilities so that each party received almost exactly $7,000,000 in value, after taking into account the former husband's equalizing payment of $444,794 to the former wife.

## The Former Wife's Appeal

### 1. Equitable Distribution.

In just a few pages, the former wife raises over a dozen issues on appeal, all subject to an abuse-of-discretion standard of review. *See Canakaris*, 382 So. 2d at 1203. Unfortunately, the numerous issues are presented without full elaboration or legal support. The appealing party must "make error clearly appear," and this duty is not discharged by merely "posing a question with an accompanying assertion that it was improperly answered in the court below and then dumping the matter into the lap of the appellate court for

decision." *Lynn v. City of Ft. Lauderdale*, 81 So. 2d 511, 513 (Fla. 1955). This admonition is particularly important in dissolution cases where the end goal is equity and our abuse-of-discretion standard of review is deferential. *See Canakaris*, 382 So. 2d at 1203.

To honor the limited standards and scope of appellate review in dissolution cases, the Florida Supreme Court promulgated a rule requiring litigants to move for rehearing or suffer waiver of certain unpreserved issues. Fla. Fam. L. R. P. 12.530(a). The former wife did move for rehearing, but did not address all of the issues she raises on appeal. Instead, she simply asserts in conclusory fashion that multiple awards were an abuse of discretion, without addressing why her preferred distribution of assets should prevail over any other possible outcome.

After a very thorough review of the evidence and the trial court's choice of equitable distribution, we find no abuse of discretion. The award was based on competent, substantial evidence. Even as to alleged omissions or technical errors as to valuation dates, the former wife has not demonstrated any material inequitable impact on the bottom-line award. "Different assets may be valued as of different dates, as, in the judge's discretion, the circumstances require." § 61.075(7), Fla. Stat. (2021) (allowing judges to set dates of valuation as are "just and equitable under the circumstances"); *McGowan*, 344 So. 3d at 613 (holding that judges abuse their discretion as to valuation dates when the record does not justify the use of different dates). In light of the overall evidence, the distribution was equitable, which ends our inquiry.

### 2. Attorney Fees.

The former wife also challenges the trial court's order requiring the parties to bear their own attorney fees, even though the court had required, and the former husband had paid, $20,000 of her fees earlier in the litigation. She did not raise this argument in her rehearing motion, so she waived it. In any event, her argument for entitlement to additional fees rests on her argument for entitlement to additional assets. Because we affirm the equitable distribution of assets, we also hold that the trial court's

4

decision not to award additional attorney fees was not an abuse of discretion.

## The Former Husband's Cross-Appeal

### 1. Alimony.

The former husband argues that the trial court made factual errors as to income and expenses, and then abused its discretion in awarding the former wife $6,000 in monthly alimony, because the evidence did not establish her need for it. To the contrary, he argues, she obtained multiple lucrative income-producing assets, as well as assets that could be sold at a significant profit and the profits invested; earned a salary working part time for American Airlines (which the trial court did not list among the factors considered as to alimony, as discussed below); and was capable of continuing to work and earn on a full-time basis.

The alimony statute requires the trial court to consider "[a]ll sources of income available to either party, including income available to either party through investments of any asset held by that party." § 61.08(2)(i), Fla. Stat. "The decision of whether to impute income is within the sound discretion of the trial court, and that decision will be affirmed where there is no showing of an abuse of discretion and where the decision is supported by competent substantial evidence." *Gray v. Gray*, 103 So. 3d 962, 967 (Fla. 1st DCA 2012).

Although we agree with the former wife that, under the circumstances presented at the time of hearing, the trial court should not have imputed full-time American Airlines work to her, we conclude that the court should have considered her part-time earnings. As to the former wife's rental incomes and expenses, the trial court had discretion to evaluate and resolve any evidentiary conflicts, and did not abuse that discretion. Accordingly, at least as to the former wife's need for alimony, we remand for consideration under section 61.08(2)(i).

**2. Life Insurance to Secure Alimony.**

The former husband argues that the trial court erred in requiring him to secure the alimony award with a $500,000 life-insurance policy in favor of the former wife. Section 61.08(3), Florida Statutes, authorizes a trial court to require life insurance to secure alimony (and to apportion the cost of such insurance between the parties based on ability to pay). *See Kotlarz v. Kotlarz*, 21 So. 3d 892, 893 (Fla. 1st DCA 2009). Generally, our standard of review on requiring insurance to secure alimony awards is abuse of discretion. *Mahoney v. Mahoney*, 251 So. 3d 977, 981 (Fla. 1st DCA 2018).

Mandating life insurance to secure alimony requires "specific evidentiary findings as to the availability and cost of insurance, the obligor's ability to pay, and the special circumstances that warrant such security." *Kotlarz*, 21 So. 3d at 893; *see also Mahoney*, 251 So. 3d at 981. Examples of special circumstances include whether the former wife would be placed in dire economic straits upon the former husband's death, or suffers from disability or other serious health problems that would threaten her ability to afford her costs of living. *See id.*; *see also Richardson v. Richardson*, 900 So. 2d 656, 661 (Fla. 2d DCA 2005) (listing additional examples) (quoting *Alpha v. Alpha*, 885 So. 2d 1023, 1034 (Fla. 5th DCA 2004)). Any such award must be "related to the extent of the obligation being secured." *Burnham*, 884 So. 2d at 392 (citing *Zangari v. Cunningham*, 839 So. 2d 918, 920 (Fla. 2d DCA 2003)).

The final judgment includes no specific findings supporting the life insurance requirement. Therefore, we reverse as to the life insurance requirement, and remand for reconsideration and compliance with these authorities.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

ROWE and LONG, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Clark H. Henderson of Henderson Law Firm, P.A., Shalimar, for Appellant/Cross-Appellee.

Michael T. Webster, Shalimar, for Appellee/Cross-Appellant.