# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D2024-1622
Lower Tribunal No. 17-DR-16-K
_____


**Kevin M. Abbey,**
Appellant/Cross-Appellee,

vs.

**Shannon M. Abbey,**
Appellee/Cross-Appellant.


An Appeal from the Circuit Court for Monroe County, Sharon I. Hamilton, Judge.

Law Office of Deborah Adams Marsh, and Deborah Adams Marsh, for appellant/cross-appellee.

Siverson Law Firm PLLC, and Scott Edmund Siverson (Winter Garden), for appellee/cross-appellant.


Before FERNANDEZ, LOGUE and GORDO, JJ.

GORDO, J.

In this appeal from a second amended final judgment of dissolution of marriage, Kevin Abbey (the "Husband") challenges the trial court's equitable distribution award to Shannon Abbey (the "Wife"), arguing it lacks competent substantial evidence.[1] The Wife cross-appeals. Upon review of the record, we find the trial court's durational alimony award and its division of assets within the equitable distribution scheme are supported by competent substantial evidence. We therefore affirm. See Kurtanovic v. Kurtanovic, 248 So. 3d 247, 251 (Fla. 1st DCA 2018) ("An appellate court reviews an award of alimony for abuse of discretion. The appellate court . . . will not reverse an alimony award if it is supported by competent, substantial evidence."); Apesteguy v. Keglevich, 319 So. 3d 150, 153 (Fla. 3d DCA 2021) ("Generally, we review a trial court's equitable distribution determination for an abuse of discretion. . . . Where there is substantial competent evidence to support the trial court's findings, the appellate court cannot substitute its judgment for that of the trial court.") (quotation marks and citation omitted).

The Husband also appeals the finding of entitlement to attorney's fees contained within the final judgment. We dismiss that portion of the appeal as premature and one taken from a non-final, non-reviewable order. See

---

[1] We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A).

Altman v. Brown, 365 So. 3d 1232, 1232 (Fla. 3d DCA 2023) ("We dismiss the appeal for lack of jurisdiction to the extent Altman seeks review of the trial court's determination that the plaintiffs are entitled to attorney's fees. An order which merely determines the right to attorney's fees without setting the amount is a nonfinal, non-appealable order."); McIlveen v. McIlveen, 644 So. 2d 612, 612 (Fla. 2d DCA 1994) ("[W]e lack jurisdiction to review the issue of entitlement and deny review of that issue. . . . [A]n order which only determines the right to attorney's fees without setting the amount is a nonappealable, nonfinal order.").

Affirmed in part; appeal dismissed in part for lack of jurisdiction.